Mobley and others *vs.* Mobley.

No. 48.—Biggers Mobley *et al.* plaintiffs in error, *vs.* Jesse Mobley, administrator, &c. defendant in error.

[1.] The judgment of this Court in *Carter vs. Anderson*, (4 *Geo. R.* 516,) reviewed.

[2.] A judgment rendered by a Court having no jurisdiction over the person and subject matter, is a mere nullity, and may be so held in every Court when it becomes material to the interest of parties to consider it.

[3.] The judgment of a Court having jurisdiction may be set aside by a decree in Chancery for fraud or accident, or the act of the adverse party, unmixed with negligence or fault in the complainant.

[4.] The judgment of a Court of competent jurisdiction cannot be attacked collaterally in any other Court for *irregularity*, and, in all Courts, is to be taken and held as a valid judgment, until it is reversed or vacated.

[5.] The judgment of a Court of competent jurisdiction may be set aside, by the Court which rendered it, for fraud and irregularity.

[6.] Upon a proceeding instituted before the Court of Ordinary, to reverse a judgment discharging an administrator, it is competent to prove a fraud upon the Court of Ordinary in procuring the judgment of discharge, by proof of representations, upon which the Court acted, by the administrator, that he had fully and faithfully settled the estate and executed his trust, and by proof of acts, on his part, which falsify those representations.

Appeal from Court of Ordinary. Tried before Judge Hansell, June Term of Appling Superior Court, 1850.

Jesse Mobley, the administrator of the estate of the father of plaintiffs in error, obtained from the Court of Ordinary of Appling County, the following order:

" *March Tr.* 1846. It is ordered by the Court, that Jesse Mobley have leave for letters of dismission from administration on the estate of Bird Mobley, late of said County, deceased. The Court now adjourned till Court in course. 2 March, 1846."

The plaintiffs in error moved, in the Court of Ordinary, to set aside this order and judgment, on the ground that they were infants at the time the order was granted, and that the same was obtained fraudulently by the administrator, in falsely representing to the Court that he had faithfully and fully administered the estate, when, in truth, he had colluded with one Oscar Edingfield, who brought an action against the administrator, for a fam-

ly of negroes; that the administrator, instead of defending the suit, refused to introduce testimony, but fraudulently consented to a verdict, and refused to enter an appeal, by which the estate was damaged to the amount of $1500; and that the administrator had wasted the estate, and been guilty of other fraudulent conduct, of all which they had no notice at the time of the order of dismission.

The motion was granted in the Court of Ordinary, and Jesse Mobley appealed to the Superior Court.

Upon the trial, the plaintiffs in error proposed to prove that Jesse Mobley had fraudulently given up said slaves to said Edingfield, and had otherwise converted the estate to his use, and that he had imposed upon the Court, in obtaining said letters of dismission, by falsely representing that he had faithfully discharged the trust.

To all of which the administrator, by counsel, objected on the ground that nothing but *actual fraud* could be given in evidence, and "that fraudulent acts, however flagrant, could not be given in evidence" to set aside the judgment of dismissal, although the plaintiffs were minors, and without guardians.

The Court sustained the objection, and plaintiffs excepted.

Counsel for plaintiffs requested the Court to charge, that as there was no evidence in the records of the Court of Ordinary, that application had been made, and citation issued and published in terms of the law, and as these facts did not appear in the judgment of dismission, that this was strong presumptive evidence that the pre-requisites of the law had not been complied with; and further, that the judgment itself was defective and voidable.

The Court declined so to charge, but instructed the Jury, that it was not necessary that these facts should appear of record, or be recited in the judgment of dismission, and that the judgment was sufficient and valid.

To which charge, and refusal to charge, the plaintiffs in error excepted.

On these exceptions, error has been assigned.

W. B. GAULDEN, for plaintiffs in error.

C. B. COLE, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The decisions of the Court below, assigned for error, I suppose, may have grown out of a misapprehension of the judgment of this Court, in *Carter vs. Anderson,* 4 *Geo. R.* 516. That was a bill filed by distributees to recover their interest in an estate, the administrator upon which had been discharged by the Court of Ordinary. In that case, we held that the judgment of discharge was a complete bar both at Law and in Equity. We held the judgment conclusive upon parties and privies, but that a Court of Equity would set it aside for fraud; or if the complainants, who were minors, could show good cause against it, of which they were ignorant at the time it was rendered, or of which they were prevented from availing themselves by accident or the act of the administrator; we also held, that the Court of Ordinary, having jurisdiction of the subject matter and the parties, the presumptions were in favor of the regularity of the judgment. What we intended to hold in that case was, that the judgment of the Court of Ordinary, like the judgment of any other Court having jurisdiction, was conclusive until reversed or vacated for irregularity; that it was to be held a valid judgment in all other Courts, and could not be collaterally attacked in other Courts for irregularity, but might be attacked for fraud in Chancery. It was our purpose to hold, and we so declare, that a judgment of discharge, by the Court of Ordinary, is to be held and taken as any other judgment of a Court of competent jurisdiction. We refused to allow the complainants in that bill to open the judgment and recover their distributive shares, there being no sufficient allegations of fraud in it to give jurisdiction to a Court of Chancery. The record before me makes it necessary to re-state the doctrines, generally, as to irregular and void judgments.

[2.] First, then, I say that a judgment rendered by a Court having no jurisdiction of the parties and subject matter, is *a mere nullity*, and may be so held in every Court where it becomes material to the rights of parties to consider it. *Rodgers vs. Evans*, 8 *Geo. R.* 145. *Geo. W. Towns, Governor, use, &c. vs. John Springer et al.* 9 *Geo. Rep.* 130.

[3.] Again: the judgment of a Court *having jurisdiction*, may be set aside by a decree in Chancery for fraud or accident, or the act of the adverse party, unmixed with negligence or fault on the part of complainant. 2 *Kelly*, 279. 1 *Ibid*, 136.

[4.] Again: the judgment of a Court of competent jurisdiction cannot be attacked, collaterally, in any other Court for *irregularity*, and, in all Courts, is to be held and taken as a valid judgment until it is reversed or vacated. *Rodgers vs. Evans*, 8 *Geo. Rep.* 145, *and the numerous authorities there referred to.*

[5.] Again: the judgment of a Court of *competent jurisdiction*, may be set aside by the Court which rendered it, for *irregularity*. 1 *M. Con. Reps. So. Ca.* 133. 1 *McMullan's R.* 292. 1 *Hill S. C. R.* 262. 3 *McCord*, 19.

[6.] The judgment of the Court of Ordinary, discharging an administrator, executor or guardian, has nothing in it peculiar—it is like any other judgment, and is subject to the rules above laid down. The Court having jurisdiction of the parties and the subject matter, it is not to be held, under the first proposition, a mere nullity in any and every other jurisdiction. Having jurisdiction, it is to be held and taken as a valid judgment until reversed or vacated, and it may be set aside in Chancery for fraud, and may be set aside, in the Court which rendered it, by a proceeding instituted for that purpose for *irregularity*. In all other jurisdictions a judgment of a Court of competent jurisdiction is presumed to be regular—nay, it is presumed to be regular, in the Court which rendered it, until reversed, or until proceedings are instituted to reverse it. Upon the hearing of that proceeding, such presumption does not exist; for whether regular or not, is the question there to be tried. What then do we mean when we say that a judgment of discharge is conclusive upon the parties, and a complete bar, unless assailable for fraud? We mean to say that, if it is a regu-

Mobley and others *vs.* Mobley.

lar judgment, it is conclusive; and, if irregular, it is no judgment. We mean to say that, whilst it is to be taken as regular, until the contrary legally appears, yet it may be vacated because of irregularity.

In this case, the administrator being discharged by the Ordinary, a proceeding, by *scire facias*, was instituted before that Court to vacate that judgment. By a judgment of the Ordinary, its judgment of discharge was revoked; the administrator appealed to the Superior Court, and, upon the appeal trial, the questions were made which come to us for review. This, then, is an attempt by a proceeding, (*sci. fa.*) instituted before the Court of Ordinary, to vacate a judgment discharging an administrator rendered by that Court. It is claimed that the judgment is irregular, and the grounds of irregularity are set forth in the *scire facias*. Whether it is or not, was the issue. Upon the trial of that issue, the presumption, as before stated, arising from the judgment itself, that the proceedings were all regular, does not obtain. On the other hand, it is clear that the Court had no power to review the evidence upon which the judgment was rendered—it could not inquire into the accounts of the administrator—into the merits of the cause as it stood before the Ordinary. It is charged in the *scire facias*, that the administrator fraudulently represented that he had fully and fairly settled the estate and executed his trust, and that the Court was deceived and misled by these representations. It is further charged, that these representations were false, and that they are false in this, that he corruptly colluded with one Edingfield, and permitted him to recover, by suit against the estate, a family of negroes worth fifteen hundred dollars. Upon the trial, the respondent offered to prove the representations to the Court, and the fraudulent collusion of the administrator with Edingfield, but was not permitted by the presiding Judge, and upon this error is assigned. Fraud in procuring a judgment is ground for its reversal, both at Law and in Equity; it is an irregularity which vacates it. It may be inquired into by the Court which rendered the judgment. "That the Court of Law," says Mr. *J. Oneal*, in *Dial & Henderson vs. Farrow*, (1 *McMullan*, 292,) "has not the power to set

aside its own judgments, when founded in fraud, would be a strong proposition. For certainly, if the judgment becomes thereby void, and another tribunal could relieve against it, there can be no good reason why the Court pronouncing the judgment should not vacate it. Indeed there is great propriety in a Court vacating its own judgment, when it is rendered under such circumstances of mistake, fraud or surprise as would entitle the party to relief elsewhere." In that case the Court ordered an issue to try the question of fraud. In *Posey vs. Underwood,* (1 *Hill's S. C. R.* 262,) the Court say that the power to set aside judgments is exercised as between the parties on matters out of and beyond the record, as when a judgment has been obtained by duress, by misrepresentation to the defendant or an abuse of the process of the Court. 1 *Green.* 263. Representations made to the Court of Ordinary, upon which they acted, coupled with proof of acts by the administrator which falsify them, clearly establish a fraud—a fraud upon the Court which will vacate their judgment. The proof ought to have been admitted, not by way of proving maladministration, not to establish a devastavit, and on that account to vacate the judgment, but to show a fraud upon the Court and the minors in procuring the judgment. The propriety of this will appear by considering how loosely this matter is conducted by our Courts of Ordinary. Very often, I have no doubt, letters of dismission are granted without any inquiry into the accounts, upon the bare statement of the administrator that he has settled the estate. How far this party will prove this fraud, we know not; he ought to be allowed to prove it if he can. On this account we send the cause back.

Let the judgment be reversed.