HOLSENBACK *vs.* MARTIN.

```
28   73
119  688
```

When an appeal is dismissed on account of a defect in the affidavit upon which it is entered, it is the privilege of the plaintiff to move to re-instate the case by amending the affidavit at any time within the term, it not appearing that any injury resulted by reason of granting such permission.

Case, and appeal in Forma Pauperis, from Fayette county. Tried before Judge BULL, at September Term, 1858.

This was an action on the case by Henry Holsenback against William Martin, for criminal conversation with plaintiff's wife.

Plaintiff confessed judgment reserving the right of appeal, and made affidavit that he was " unable from his poverty to pay cost or give the security required by law," the words " he is advised and believes he has a good cause of appeal," being omitted.　The clerk wrote out the affidavit for plaintiff and entered the appeal.

Upon the call of the case for trial on the appeal, counsel for defendant moved to dismiss the same, on the ground of the defect or omission above stated, in plaintiff's affidavit.

There being no motion to amend, the court dismissed the appeal, and counsel for plaintiff excepted.

STONE & FITCH, for plaintiff in error.

M. M. TIDWELL, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It is not denied by the plaintiff that the affidavit in this case was defective; nor by the defendant that it was amendable.　The only question is, should the court have

allowed the case to have been reinstated? Our opinion is that the application for this purpose should have been granted. No notice was given of the defendant's intention to move to dismiss the appeal. The counsel for the plaintiff could not, therefore, foresee the necessity of having his client present. He announced himself ready for trial when the case was called.

It does not appear that any body would have been injured by the reinstatement of the case. The defendant could not be; and if the bail was, when an attempt is made to charge him, he will be allowed to show that he was ready to surrender his principal in discharge of his bond, but suffered him to go at large when the appeal was dismissed. *Perhaps* he would be entitled to this privilege; on the other hand, it might be said that he is presumed to know the law; and that it was his duty to have retained the custody and control of his principal during the term, if it be the right of the plaintiff to move to reinstate at any time within the term. We do not decide this point. It may never occur.

Judgment reversed.