BOWEN *v.* WYETH.

1. Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate the same.
2. Such discretion will not be controlled unless manifestly abused.
3. Where a general demurrer was sustained, and the plaintiff during the same term moved to reinstate, offering to amend so as to cure the alleged defects in the original petition, this court will not interfere with the judgment refusing to permit the reinstatement.

Submitted February 20, — Decided March 4, 1904.

Motion to reinstate. Before Judge Reid. City court of Atlanta. May 22, 1903.

Bowen sued Wyeth for $600, alleged to be due as salary and commissions for the sale of machines. The petition contained an

allegation "that said defendant is the general agent of the American Arithmometer Company" for the South Atlantic States; and that "said defendant as general agent of said company employed petitioner to sell said machines" on the terms stated in the petition. The defendant demurred generally and specially. The bill of exceptions recites that after argument on the demurrer, the judge stated he would render a decision later and give the plaintiff ten days in which to amend if in the opinion of the court the petition was amendable and the demurrer was sustained. On May 10, the court sustained the general demurrer. On May 11, 1903, the plaintiff moved that "the defendant be required to show cause why the case should not be reinstated, and the petitioner be allowed to amend the petition by striking out the allegation that Wyeth made the contract as general agent, and such other amendments as the petitioner may offer and the court may think proper." To the petition were attached the proposed amendments. The motion came on to be heard, May 22, at chambers. The court refused to allow the case to be reinstated. From the bill of exceptions it appears that the demurrer was argued in term. It does not appear whether court had adjourned for the term on the day the motion to reinstate was made and the rule nisi granted.

*O. E. & M. C. Horton* and *R. R. Arnold,* for plaintiff.
*V. A. Batchelor,* for defendant.

FISH, P. J. (after stating the foregoing facts.) Courts have full control over their orders and judgments during the term at which they were rendered, and in the exercise of their legal discretion may revise or vacate the same. But such motions are addressed to the legal discretion of the court, which will not be controlled unless abused. *Aiken* v. *Wolfe,* 76 *Ga.* 816 ; *Holsenback* v. *Martin,* 28 *Ga.* 73. There is nothing in this case to take it out of the ordinary rule applicable to decisions on demurrer. The plaintiff had the right to except to the judgment sustaining the general demurrer. After it was decided that he had no cause of action, he had no right to amend, nor to a reinstatement of the case in order to permit him to amend.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*