GAINES *v.* GAINES.

No. 7318.   November 15, 1929.

433

*McClelland, Savage & Crawford,* for plaintiff in error.
*H. W. McLarty,* contra.

GILBERT, J. ■ "Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate the same." "Such discretion will not be controlled unless manifestly abused." *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823) ; *Perkins* v. *Castleberry,* 119 *Ga.* 702; (46 S. E. 825) ; *Phillips* v. *Phillips,* 124 *Ga.* 912 (53 S. E. 457).

■ The judgment vacated was rendered on March 19, 1929, and the petition to vacate was filed on April 5, 1929, both dates being within the same term of the superior court of Fulton County, to wit, the term beginning on the first Monday in March. Therefore, it not appearing that the discretion of the trial court was abused, the judgment will be affirmed. The decision of *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977), on the reported facts, would seem to be in conflict with what has been ruled above. It appears, however, from the official record of file in this court that the original

judgment in that case was rendered at the January term, 1891, and the motion to abrogate or modify the decree was made at the July term, 1896. The original decree, after confirming conveyances of certain realty and personalty made by Coffee to his wife in settlement of their differences, provided, "that he pay to his said wife . . five dollars per month, towards the support of the children, promptly upon the last day of each month." The motion to abrogate or modify the decree had reference only to the portion requiring Coffee to pay the five dollars monthly on account of alimony for his children, and was based upon the grounds that he was insolvent at the time of the motion, that he had not been permitted to visit his children as provided in the decree, that one of them had married and was well provided for, and that one of the others was earning sufficient to support himself.

*Judgment affirmed. All the Justices concur, except*

BECK, P. J., and ATKINSON, J., dissenting. It appears from the record in this case that an agreement was reached between counsel for plaintiff and for defendant, and that this agreement was in the nature of a consent order disposing of the question of permanent alimony, and the consent order was signed by counsel for both plaintiff and defendant, and was approved by the judge of the superior court. The application in this case to vacate or revise the decree was an application to vacate or revise a final decree in a suit for divorce and alimony. In section 2981 of the Civil Code it is provided: "If the jury, on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support." The order which was taken by consent of counsel for both parties, and was approved by the judge, stands upon the same footing as the finding of the jury provided for in the section cited. There was no allegation of fraud or collusion on the part of counsel which would vitiate the consent order or decree; and that being the case, the judge could not change the terms of the former decree. In *Coffee* v. *Coffee*, 101 *Ga.* 787, it was said: "In the present case the parties dispensed with a jury trial upon the question of an allowance of permanent alimony, and by consent invoked a decree of the court fixing the allowance upon the terms stated in the decree. This consent having been approved by the court in which the cause was pending after the grant of the

divorce, the court loses control over the subject, and the decree stands as other judgments against the husband." The judge had no more authority to alter this judgment than he would have had to set aside a verdict of the jury making an allowance for permanent alimony; and this, of course, he could not do, either at the term at which the judgment was rendered, or at any subsequent time, except upon motion for a new trial.