GORE *v.* PLAIR *et al.*

No. 8150.   JULY 18, 1931.

*Hay & Gainey,* for plaintiff in error.
*Wilcox, Connell & Wilcox* and *P. Q. Bryan,* contra.

**90**

BECK, P. J. (After stating the foregoing facts.) The determination of the controlling question in this case turns on the construction and effect of the alleged contract; that is, the contract wherein Mrs. Gore accepted the deed from her husband "in full and complete settlement of any and all claims for alimony, attorney's fees, and support of herself, which have accrued or which may hereafter accrue," and wherein she expressly released F. A. Gore, her husband, from "any and all obligations to make further provision for her support, it being agreed that the word alimony as used herein shall include both temporary and permanent alimony." The court did not err in dismissing the caveat as amended. The contract entered into by Mrs. Gore with her husband gave her the property referred to, in settlement of the claim that the caveatrix might have for alimony and support, and barred her right to inherit the estate of her deceased husband or to participate in the distribution thereof. The settlement between the husband and wife was made at a time when she and her husband were living in a bona fide state of separation. She received and retained the property conveyed to her and enjoyed the income thereof. A contract like that involved in this case is not contrary to public policy, and its validity does not depend upon the approval of any court. In *Chapman* v. *Gray,* 8 *Ga.* 341, it was said: "A valid agreement may be made between husband and wife, through the intervention of a trustee, for an immediate separation and for a separate allowance to the wife, for her support." And, "The agreement for a separation can not be supported, unless the separation takes place immediately upon the execution of such agreement. Of course it will be good where the separation has already taken place."

In *Sumner* v. *Sumner,* 121 *Ga.* 1 (48 S. E. 727), it appeared that the husband and wife separated in December, 1900. Negotiations were begun between them, looking to a settlement of the wife's claim for alimony. On December 8, 1900, both parties signed an agreement to live thenceforth separate and apart from each other, and the husband executed a paper in which he agreed to make his wife a deed of conveyance to described land and give her certain personal property. On December 14, the husband executed a deed, in consideration of natural love and affection, conveying to his wife a life interest in the land. He afterwards

delivered to her certain personalty. It seems that the deed was not delivered to the wife until sometime in the early part of the ensuing year. In a suit for divorce and alimony which followed, the wife attacked the validity of the agreement, on the ground that it was contrary to public policy. Presiding Justice Fish said: "The mere fact that the deed from Sumner to his wife was executed pursuant to a separation and to provide a separate maintenance for the wife did not render it invalid. A contract between husband and wife, made with the intention of promoting a dissolution of the marriage relation, is contrary to public policy and void. *Birch* v. *Anthony,* 109 *Ga.* 349 [34 S. E. 561, 77 Am. St. R. 379]. But a contract providing for the wife's maintenance, made after a separation has taken place, or immediately before a separation which has already been determined upon, is valid and enforceable. *Chapman* v. *Gray,* 8 *Ga.* 341; *McLaren* v. *McLaren,* 33 *Ga.* Supp. 99. . . Formerly the practice was to make such settlements through the medium of trustees. There are authorities, however, that a trustee was not necessary even at common law. See citations in 3 Pa. St., 104. But be this as it may, no trustee has been necessary in this State since the passage of the married woman's act of 1866. An agreement between husband and wife to live separate and apart is illegal; and if a conveyance to the wife be founded upon such a consideration, it too will be void; but not if it be the result of a separation instead of being made to promote it." See also *Watson* v. *Burnley,* 150 *Ga.* 460 (104 S. E. 220). In the Civil Code, § 2983, it is provided: "Permanent alimony is granted in the following cases: 1. Of divorce, as considered in the former section. 2. In cases of voluntary separation. 3. Where the wife, against her will, is either abandoned or driven off by her husband." And § 2984 provides: "In either of the two latter cases the husband may voluntarily, by deed, make an adequate provision for the support and maintenance of his wife, consistent with his means and her former circumstances, which shall be a bar to her right to permanent alimony."

We are of the opinion that by the settlement in question Mrs. Gore was barred of her right to permanent alimony, and that she stayed in the same position that she would have been in had she been awarded the property conveyed to her in a suit for alimony. And

that being true, the provision of § 2991 of the Civil Code is applicable to the question made in this case. That section reads as follows: "After permanent alimony granted, upon the death of the husband the wife is not entitled to any further interest in his estate in her right as wife, but such permanent provision shall be continued to her, or a portion of the estate equivalent thereto shall be set apart to her." If the wife had any right, after the execution of that contract, in the estate of her husband, it was based upon a claim of dower. The dismissal of the caveat in this case is, of course, a denial that Mrs. Gore had the right of dower in her husband's estate. In *Stewart* v. *Stewart*, 43 *Ga.* 294, it appeared that the plaintiff made an application for dower, which was resisted by the administrator of the estate of her deceased husband on the ground that she had separated from her husband and recovered alimony from him. This court said: "In the opinion we entertain of this case, the court, in deciding that Mrs. Stewart was not entitled to dower, committed no error under the facts of this case. Under section 1742 of the Code, upon the granting of permanent alimony to the wife, she is not entitled to any further interest in the estate of her husband at his death. And while we recognize the provisions of the Code, section 1754, as to how dower may be barred, and recognize the rule by which courts favor applications for dower, still we are of the opinion, where the wife, during the life of her husband, separates from him and assumes a relationship of separation, she is to all intents and purposes sui juris and may institute suit for alimony if she so elects; and when it is granted to her, she properly ceases to have further interest in his estate in her right as wife." See also *Birch* v. *Anthony*, supra. In *Harris* v. *Davis*, 115 *Ga.* 950 (42 S. E. 266), it was said: "Where a husband and wife, reciting that they have voluntarily separated but fail to 'agree upon any sum in satisfaction of the claims of the wife upon the husband for alimony as allowed by law and all other demands of a pecuniary nature that might or could arise under the law,' submit to arbitration 'the matters in dispute between them touching alimony and all pecuniary obligations under the law, of all kinds whatever,' empowering the arbitrators to award to the wife a sum certain to belong absolutely to her, which shall be 'final and forever conclusive upon the parties in regard to alimony and all pecuniary obligations due

from the husband to the wife,' and an award is made in accordance with such submission and entered as the judgment of a court of competent jurisdiction, the sum so awarded being paid to the wife and accepted and used by her, she living thereafter separate and apart from the husband, such award has the force and effect of a decree granting permanent alimony. Civil Code, § 2464 et seq." Other cases decided by this court might be cited in support of the conclusion which we have reached. In view of what we have said, it follows that the court did not err in sustaining the propounders' motion to dismiss the caveat as amended.

*Judgment affirmed. All the Justices concur.*