CAHOON, trustee, *et al. v.* WILLS, superintendent, *et al.; et vice versa.*

Nos. 9966, 9967.   JULY 21, 1934.

*Blair & Gardner,* for plaintiffs. *Morris & Welsch,* for defendants.

PER CURIAM.   There are a main bill of exceptions, a cross-bill, and a motion to dismiss the writ of error on the main bill of exceptions.   It is not necessary to pass on the questions presented by the main bill or the motion to dismiss, because the entire controversy is settled by a decision of the question raised in the cross-bill. *Sapp* v. *Davids,* 176 *Ga.* 265 (168 S. E. 62, 85 A. L. R. 1361), and cit.

Cahoon and others sought an injunction against Wills and others. Demurrers to the petition were filed.   On June 28, 1933, the trial court entered an order reciting that "the defendants' demurrers are hereby sustained and the plaintiff's petition is hereby dismissed." This dismissal was unconditional.   Time for amendment was not allowed.   The case was finally dismissed and was "out of court." *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242), and cit. The motion actually filed on July 15 contained no prayer for a reconsideration of the order of June 28, or for a reinstatement of the case.   On July 15 Cahoon et al. filed in the cause a paper which is designated as "a motion for extension of time in which to offer an amendment." Notwithstanding the order of unconditional dismissal, and despite the fact that no time had previously been allowed in which an amendment might be tendered, the trial court entered on the paper last referred to an order "extending the time to the 19th day of August," within which limit plaintiffs could present to the court such amendment to their petition as might be desired.   On Au-

gust 19 Cahoon tendered an amendment, and on the same day Wills et al. objected to the paper filed on July 15 and moved to strike it. The motion was overruled, and on the same day the court allowed the amendment tendered by Cahoon. These orders are assigned as error in the cross-bill of exceptions.

The contention of Wills is that on August 19 the trial court had lost jurisdiction of the cause and had no power to entertain it further for any purpose. No exception having ever been entered to the order of June 28, it is clear that if the position taken by Wills in the cross-bill of exceptions is sound, the case was ended by the order of June 28. Opposing counsel are at issue as to whether on July 15, when Cahoon filed his motion for extension of time in which to offer an amendment, the term of court during which the order of dismissal of June 28 had been entered was ended. Cahoon's position is that on July 15 the term was still open, and therefore the judgment of June 28 was still within the breast of the court. It appears from the record that no formal order of adjournment of that term had been entered, but counsel for Wills contends that under the Code, § 4877, the term had ended by operation of law on July 12. It is not necessary to decide which of these positions is correct. Granting, but not deciding, that on July 15 the term was still open, we are clear that the trial judge had no power, in view of the order of June 28, to enter the order which he did enter on July 15, and that everything which occurred in the cause after June 28 was of no effect.

While it has often been ruled that a court during the term at which a judgment is rendered has plenary power over it and may "to promote justice," or "for cause appearing," amend, modify, or supplant the judgment (*Berrien County Bank* v. *Alexander,* 154 *Ga.* 775, 778, 115 S. E. 648), the power so to deal with a judgment is not an unlimited or arbitrary power, but a discretionary one which must not be abused. It is purely a legal discretion. *Grogan* v. *Deraney,* 38 *Ga. App.* 287, 290 (143 S. E. 912). As an illustration of its proper exercise, see *International Agricultural Corporation* v. *Law,* 40 *Ga. App.* 756 (151 S. E. 557); as one of improper exercise, see *Glenn* v. *Glenn,* 152 *Ga.* 793 (111 S. E. 378). See also *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168); *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39). The law seeks an end of litigation; and when parties have had full opportunity to

plead and be heard, and a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary to do it in order to promote justice. If the party against whom the judgment is rendered considers it erroneous, the right to review on writ of error exists. As previously stated, no exception was ever taken in the case at bar to the judgment of June 28.

This court in *Dougherty-Little-Redwine Co.* v. *Halcher*, 169 *Ga.* 858, 863 (151 S. E. 796), applied the rule referred to above to a case where it was sought to suspend or vacate the judgment merely to let in a defense which should have been offered before judgment. The rule appears to have been generally adopted in almost all jurisdictions, that the power of control even during the term should be exercised only upon sufficient cause shown and where the matter appeals to an exercise of sound legal discretion. 36 C. J. 207. Such is undoubtedly the established rule in Georgia.

It will thus be seen that even if the paper filed by the plaintiffs on July 15 had been a motion to vacate the judgment of dismissal of June 28 and to reinstate the case, a proper ground fairly invoking the discretion of the court would have been necessary. But the paper filed on July 15 was very far from being such a motion. It was no more than what has been indicated above, an application for an extension of time in which to present an amendment; whereas in fact no period of time existed by virtue of law or of any previous order in the cause which on July 15 could be extended. It is also certainly true that the order of the court on July 15, extending the time to August 19 within which such amendment could be presented, did not have the effect of vacating the order of dismissal of June 28 and reinstating the case. There is no question that the term in session on June 28 ended long before August 19; and as nothing further was done in the cause until that date, the court was without power, on August 19, further to deal with the judgment of June 28. On August 19 the motion then made by the defendants to strike the motion filed on July 15 and vacate the order of that date should have been sustained.

Counsel for Cahoon strongly urge in their brief that portions of the order of June 28 indicated that the demurrers were being sustained largely because certain allegations in the original petition

198

were conclusions and not facts, and that the substitution of proper allegations of fact for the conclusions would protect the petition from demurrer; but on the state of this record this position does not help the plaintiff; it does not alter the situation, the order of June 28 being, as previously stated, one of unconditional dismissal.

We have carefully considered *Van Dyke* v. *Van Dyke*, 120 *Ga.* 984 (48 S. E. 380), *Cooley* v. *Tybee Beach Co.*, 99 *Ga.* 290 (25 S. E. 691), and all other cases cited by counsel for plaintiffs; and none of them is opposed to the ruling here made.

*Judgment on the cross-bill of exceptions reversed. Writ of error on the main bill of exceptions dismissed. All the Justices concur, except Russell, C. J., absent because of illness.*