## 27607. METHODIST EPISCOPAL CHURCH, SOUTH INCORPORATED *v.* DECELL *et al.*

844

Decided September 11, 1939. Rehearing denied October 27, 1939.

G. Seals Aiken, Jay D. Bradley, for plaintiffs in error.

Walter McElreath, contra.

Sutton, J. On May 30, 1938, a motion in the name of "Methodist Episcopal Church South" and eleven named individuals as members and officials of said religious organization was filed in the superior court of Fulton County to revoke the grant by that court of articles of incorporation to "Methodist Episcopal Church South Inc.," on May 20, 1938. It was alleged that "Methodist Episcopal Church South" is a religious organization which has existed since 1845; that during that time it has had the exclusive use of the name "Methodist Episcopal Church South," and has not abandoned the use of that name; that the statutes of this State provide that it shall be unlawful for the applicant for any charter of incorporation to use the name of any person, order, lodge, society, or corporation as a corporation name, or to mention any such name in connection with the purpose of any such proposed incorporation, without the consent of the person, order, lodge, society, or corporation whose name is proposed to be used or mentioned, and that such statutes further provide that it shall be the duty of the applicant for any proposed charter, intending to use or mention such name in connection with the purposes of said corporation, to give fifteen days notice in writing to the person, order, lodge, society, or corporation whose name is proposed to be used or mentioned, and shall also give notice of the purpose of the organization to be made under such proposed charter, and of the time and place at which application will be made, so as to afford to the person, order, lodge, society, or corporation whose name is to be used or mentioned the opportunity to appear and object to the use

or mention of its name in such application; that the applicants for the charter granted under the name of "Methodist Episcopal Church South Inc." did not give such required notice, and petitioners had no notice or knowledge of the intention of the applicants for said charter to use or mention the name of "Methodist Episcopal Church South" in connection with such application for charter, and that they were thus deprived of their right to appear and object to the use of such name as the name of said corporation; that the use of the name "Methodist Episcopal Church South Inc." by the corporation would cause great confusion and cast a cloud upon the titles to the properties owned by Methodist Episcopal Church South. The prayer was as follows: "Wherefore your petitioners file these their objections to the use of the name of 'Methodist Episcopal Church South' as the name of the corporation whose charter was granted on the 20th day of May, 1938, by the Honorable E. D. Thomas, judge of the superior court of the Atlanta Circuit, and move to revoke said charter in so far as the name 'Methodist Episcopal Church South' is used in the name of said corporation, and pray that a rule nisi be issued requiring the Methodist Episcopal Church South Inc. and the applicants for its charter to show cause before the Honorable E. D. Thomas, judge of the superior court of Fulton County, Georgia, why the prayers of this petition should not be granted." A rule nisi was issued.

The defendants demurred generally and specially to the motion, and filed an answer admitting that the religious organization of Methodist Episcopal Church South had existed since 1845, but denying the other material allegations of the petition, except that as to the allegations in respect to the failure of the applicants to give the notice required by the statute the answer recited, in part: "In answer to paragraph 7, defendant upon information and belief denies the allegations contained therein as alleged." Upon a hearing on June 28, 1938, the judge by whose order the charter of incorporation had been granted refused to pass on the special demurrers at that time, overruled the general demurrers, refused to require any evidence in support of the motion, refused to allow the defendants to submit any evidence in opposition to the motion, and upon the order granting the charter of incorporation of "Methodist Episcopal Church South Inc." entered the following

order: "It being made to appear to the court that the within order, dated May 20, 1938, was improvidently granted, said order is hereby revoked and set aside." To each of the rulings and orders of the trial court the defendants excepted and assigned error on the grounds that they were contrary to law, and that they deprived the defendants of their property without due process of law, in violation of art. 1, sec. 1, par. 3, of the constitution of this State, and of the fourteenth amendment to the constitution of the United States. The case was by writ of error taken to the Supreme Court, and by it transferred to this court. 187 *Ga.* 526 (1 S. E. 2d, 432).

Code, § 106-201, which was taken from the act of 1909 (Ga. L. 1909, p. 139), declares: "No person or organization shall assume, use, or adopt, or become incorporated under, or continue to use the name and style or emblems of any benevolent, fraternal, social, humane, or charitable organization previously existing in this State, and which has been incorporated under the laws of this or any other State, or of the United States, or a name and style or emblem so nearly resembling the name and style of such incorporated organization as to be a colorable imitation thereof. In all cases where two or more of such societies, associations, or corporations claim the right to the same name, or to names substantially similar as above provided, the organization which was first organized and used the name, and first became incorporated under the laws of the United States or of any State of the Union, whether incorporated in this State or not, shall be entitled in this State to the prior and exclusive use of such name, and the rights of such societies, associations, or corporations, and of their individual members shall be fixed and determined accordingly." In *Creswill* v. *Knights of Pythias,* 133 *Ga.* 837 (67 S. E. 188, 134 Am. St. R. 231, 18 Ann. Cas. 453), decided in 1909, it was held that the power exercised by a court in granting a charter of incorporation was legislative and not judicial, and that a stranger to the proceeding for the grant of a charter could not make himself a party thereto, either as an objector or otherwise, in order to resist the same. In *Faisan* v. *Adair,* 144 *Ga.* 797 (87 S. E. 1080, Ann. Cas. 1918A, 243), decided in 1915, it was held: "The act of 1909 (Civil Code of 1910, §§ 1993, 1994 [Code of 1933, §§ 106-201, 106-202]) for the protection of any benevolent and other organization which is incorporated, against others using or

adopting its name, style, or emblems, can not be invoked by voluntary associations." In the opinion it was said: "In order for a plaintiff to obtain the aid of this act, it must appear that such plaintiff is (1) an incorporated association, (2) that it is a benevolent, etc. organization previously existing in this State, and (3) that the defendants propose to use or are using the name and style or emblems of such incorporated organization, or such as so nearly resemble the same as to be a colorable imitation. When the plaintiffs admitted that their association was unincorporated and that they sued as members of a voluntary association, they did not bring themselves within the purview or protection of the statute." Admittedly the petitioners in the present case do not constitute a corporation, and under the above authorities would not have a right to go into court and proceed under Code, §§ 106-201 et seq., for relief, after a charter has been granted, or protest at the time of the grant.

But the legislature, evidently because of the above-mentioned statute and decisions, and in order to provide an opportunity for a stranger, even an unincorporated association, society or organization, to appear and object to the grant of a charter for any reason affecting its rights, enacted in 1923 (Ga. L. 1923, p. 82) the following provisions (Code, §§ 22-202 and 22-203) : "Whenever application is made to the superior courts or to any of the judges thereof, or to the Secretary of State, to obtain a charter, or the authorization of articles of incorporation, for any purpose, it shall be unlawful in such case for the applicant to use the name of any person, order, lodge, society, or corporation, either as a corporate name or to mention any such name in connection with the purpose of such proposed organization, without the consent of such person, order, lodge, society or corporation. When application is made in such case to obtain a charter or articles of incorporation, it shall be the duty of the applicant or applicants to notify such person, order, lodge, society, or corporation of such intention to apply for a charter or articles of incorporation by registered letter mailed to the person, etc., whose name is to be so used, at his or its residence or business address, stating the proposed name of the organization, its purposes, etc., and the time and place at which such application will be passed upon by the superior court, or the judge thereof, or the Secretary of State, as the case may be, at

least 15 days previous to the time of passing upon such application for charter or articles of incorporation." Code, § 22-202. "It shall be the right of any person, order, lodge, society or corporation interested in the result of such application, and who objects to the granting of such charter or articles of incorporation, to file objections to such grant and to appear before the superior court or the judge thereof, or the Secretary of State, as the case may be, and file written objections thereto, and such court or judge or Secretary of State may, after hearing the issue formed by the application and objections filed thereto, and, after hearing evidence thereon, in its or his discretion grant or refuse such charter or articles of incorporation. Such application and objections filed thereto may be heard at such time and place within the county where the application is made under appropriate order of the superior court or the judge thereof, or the Secretary of State, as may be fair and just to all parties concerned." Code, § 22-203. Writ of error is provided for in Code, § 22-204, and appeal from the action of the Secretary of State to a jury in the superior court of Fulton County is provided for in Code, § 22-205.

Under this statute the hearing provided for becomes a judicial investigation, and by its provisions even an unincorporated religious society or organization may file objections and appear in court and resist the application for a charter where it is proposed to use or mention the name of such association without its consent. Consequently, for the purpose of bringing to the attention of the court the fact that the Methodist Episcopal Church South had not been given an opportunity to object to the grant of the charter to "Methodist Episcopal Church South Inc.," the question in the present case was good as against the general and special demurrers. By the petition the court was informed that the charter had been improvidently granted, in that the notice required by the statute had not been given; and the court was authorized to find this to be the truth, for two reasons: (1) To the allegation of the petition that no notice was given of intention to apply for the charter in which the name of Methodist Episcopal Church South was proposed to be used, the defendants' answer was equivocal and evasive, and accordingly must be treated as an admission of the truth of the allegation. The attorney for the defendants was also attorney for the applicants for the charter, and was one of the in-

corporators, and through him they were bound to have knowledge of the truth or falsity of the allegation. They were bound to answer out of their own knowledge, but instead of doing so they elected to answer on undisclosed "information" and "belief." By placing their denial on information and belief instead of on their knowledge, the answer must be said to be equivocal and evasive, and, as stated, be treated as an admission. (2) It is apparent from the record that the court in the hearing had before it the original application for charter and the order granted thereon. A copy of this application has been sent up with the record, and from it the conclusion must be drawn that the judge was authorized to find that the application for charter did not show, as a prerequisite to the grant, that the applicants had complied with the requirements of the statute as to notice, and accordingly to find that the charter had been improvidently granted. In these circumstances the court did not err in not requiring the petitioners to introduce evidence in support of the petition, and in refusing to permit the defendants to introduce evidence in opposition to the petition.

It is well settled that courts of record retain full control over their orders and judgments during the term in which made, and in the exercise of sound discretion may revise or vacate them, and such discretion, unless abused, will not be controlled. *Patterson Produce Co.* v. *Wilkes,* 1 *Ga. App.* 430 (2) (57 S. E. 1047) ; *Southern Cotton-Oil Co.* v. *Taylor,* 18 *Ga. App.* 56 (88 S. E. 798) ; *Montgomery* v. *Bowen,* 20 *Ga. App.* 493 (93 S. E. 111) ; *Terrell* v. *Clarke,* 32 *Ga. App.* 39 (122 S. E. 718) ; *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823) ; *Tate* v. *Little,* 141 *Ga.* 799 (82 S. E. 129) ; *Gaines* v. *Gaines,* 169 *Ga.* 432 (150 S. E. 645). "During the term at which a judgment is rendered the court has authority *on its own motion* to vacate the same for irregularity, or because it was *improvidently or inadvertently* entered." (Italics ours.) *Athens Apartment Cor.* v. *Hill,* 156 *Ga.* 437 (119 S. E. 631). The charter in question was granted on May 30, 1938, and the order setting aside the grant was entered on June 28, 1938, within the same term of the superior court of Fulton County, and by the same judge who granted the charter upon the ex parte proceeding. For the reasons above stated, the judge was authorized to find that the charter of incorporation was improvidently granted, and his discre-

tion in setting aside the order granting the application for charter will not be disturbed.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., concurs specially.*