COFER *et al. v.* MAXWELL.

No. 15716. FEBRUARY 6, 1947.

W. A. *Slaton,* for plaintiffs in error.

*Clement E. Sutton, H. E. Combs,* and *Carroll D. Colley,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) It having become the law of the case, under the ruling by this court on its former appearance here, that the movant was, under her motion to set aside the judgment of April 15, 1946, entitled to a ruling on the merits of the motion, it remains to be decided only whether or not the court abused its discretion in setting aside the said judgment and allowing an amendment to be filed as of November 6, 1946.

Where a judgment is not based on a jury verdict, courts of record maintain full control over such a judgment during the term at which rendered, and, in the exercise of a sound discretion, may revise or vacate the same, and this discretion will not be controlled by a court of review unless manifestly abused. *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823); *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (115 S. E. 648); *East Side Lumber & Coal Co.* v. *Barfield,* 193 *Ga.* 273, 276 (18 S. E. 2d, 492); *Gobles* v. *Hayes,* 194 *Ga.* 297 (21 S. E. 2d, 624). "While a motion to set aside a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted unless some meritorious reason is given therefor." *Moore* v. *Kelly,* 109 *Ga.* 798 (2) (35 S. E. 168); *Kellam* v. *Todd,* 114 *Ga.* 981 (1) (41 S. E. 39); *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 418 (42 S. E. 772); *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984, 986 (48 S. E. 380); *Cahoon* v. *Wills,* 179 *Ga.* 195, 196 (175 S. E. 563); *Hurt Building Inc.* v. *Atlanta Trust Co.,* 181 *Ga.* 274, 283 (182 S. E. 187). In *Cahoon* v. *Wills,* supra, it was said: "The law seeks an end of litigation; and when parties have had full opportunity to plead and be heard, and a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary to do it in order to promote justice."

It is conceded that the amendment filed in the office of the Clerk of the Superior Court of Wilkes County at Washington, Georgia, on April 16, 1946, had not been allowed by the judge. As shown by the record, counsel for the movant, on April 16, 1946, addressed a letter to the judge, residing at Thomson, Georgia, informing him that an amendment, copy of which had been served on opposing counsel, had been filed in the office of the clerk of the court, and that counsel for the movant thought that the amendment met the grounds of demurrer. This letter was duly received by the judge. It further appears that counsel later entertained some misgivings as to whether or not the amendment should have been filed with the clerk to enable the opposing counsel to file any objections or should have been first mailed, directly to the judge. Accordingly, on April 19, 1946, counsel for the movant addressed a letter to the judge at Thomson, Georgia, expressing a feeling of uncertainty as to whether the judgment had been complied with, and requesting that, if the five-day limit was intended to apply from the time the amendment was presented to or allowed by the judge, a further extension of time be granted. This letter did not reach the judge until the morning of April 21, 1946, too late for him, if he had been so disposed, and before the original time limit expired, to have granted an extension of time for the filing of an amendment in compliance with the law. These facts are undisputed, and there was a stipulation as to other facts which have been set out hereinbefore as to the distance between Thomson, the residence of the judge, and Washington, Georgia, the county seat, means of transportation, communication, etc.

In the state of the record we perceive no meritorious ground for setting aside the judgment. In clear and unmistakable language it provided that the petition was to be considered dismissed unless amended within five days to meet the grounds of objection. An amendment was filed the following day in the office of the Clerk of the Superior Court of Wilkes County at Washington, Georgia, but without having been allowed by the judge. Lacking such allowance, the amendment was wholly insufficient as a legal compliance with the judgment. As ruled on the former appearance of the case here, the petition thus became automatically dismissed at the end of the five days. Counsel for the movant, if momentarily unaware of the necessity for the judge's allowance of the amendment to give

it legal efficacy, could readily have informed themselves of this fact. Had they examined the law as late as April 19, 1946, when they inquired of the judge by letter as to the requirements of the judgment, they would have had ample time in which to have drawn an amendment, to have had it allowed, and to have filed it within the five-day period specified in the judgment of April 15, 1946. It is shown by the stipulation of facts, that the home of the judge at Thomson was only 25 miles distant from Washington, the county seat of Wilkes County, wherein was located the office of the clerk of the superior court in which the judge presided; that regular bus schedules were maintained in both directions between the towns about every two hours each day; and that the travel time between them was less than one hour. Through some unusual circumstances the judge did not receive the letter until April 21, but the use of the mails as late as April 19, 1946, was at their peril, and their negligence in not obtaining a timely allowance of the amendment by the use of facilities easily available each day can not constitute a meritorious ground for setting aside the judgment. The action of the judge in setting aside the judgment of April 15, 1946, and permitting the amendment to be filed after the expiration of the five-day period originally specified, was an abuse of discretion under the facts of this case.

*Judgment reversed. All the Justices concur.*