## 32432. WHITLOCK *v.* WILSON.

WORRILL, J. Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused. *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *Tate* v. *Little*, 141 *Ga.* 799 (82 S. E. 129); *Gaines* v. *Gaines*, 169 *Ga.* 432 (150 S. E. 645). During the term of court at which a judgment is rendered the court has power, on its own motion, to vacate the same for irregularity, or because it was improvidently or inadvertently entered. *Athens Apartment Corp.* v. *Hill*, 156 *Ga.* 437, 443 (119 S. E. 631). The superior court, as a general rule, has plenary

power over its orders and judgments during the term at which they were rendered, and may amend, correct, or revoke them for the purpose of promoting justice. *Gobles* v. *Hayes,* 194 *Ga.* 297, 300 (21 S. E. 2d, 624). A motion to set aside and vacate a judgment cannot be determined by any fixed rule, but depends on the circumstances of the case, and exercise of the power to vacate a judgment rendered during the term will not be controlled on review unless abused. *Deen* v. *Baxley State Bank,* 192 *Ga.* 300, 303 (15 S. E. 2d, 194). The plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments save those which are founded upon verdicts. *East Side Lumber &c. Co.* v. *Barfield,* 193 *Ga.* 273, 277 (18 S. E. 2d, 492). See also *Allison* v. *Garber,* 50 *Ga. App.* 333 (178 S. E. 158); *M. E. Church South* v. *Decell,* 60 *Ga. App.* 843, 849 (5 S. E. 2d, 66); *Berkeley* v. *State,* 74 *Ga. App.* 711 (41 S. E. 2d, 265), and cits.

Under the rulings in the foregoing cases we cannot say that the court abused its discretion and erred in overruling the motion to dismiss, and in entering an order setting aside and vacating the judgment.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed.* *Sutton, C. J., MacIntyre, P. J., Gardner and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. 1. I think that the judgment of a court sitting as a court and jury stands on the same footing as a case actually decided by a jury. In such a case the judge's judgment is both a verdict and a judgment. If this conclusion is correct, the judge has no more control over such judgments during the term rendered than he does over judgments based on jury verdicts. As I understand the law, it requires a motion for a new trial to set aside a verdict for defects not appearing on the face of the record, or a direct exception where trial is by a court as court and jury. In the headnote of *Carter* v. *State,* 56 *Ga.* 463, the court stated that, where a question of fact is submitted to a judge for trial without the intervention of a jury, his decision is as binding as a verdict, and that the verdict will be set aside only under the same rules as apply to the vacating of the finding of a jury. Both this court and the Supreme Court have consistently held that a motion to set aside a judgment based on a verdict cannot properly be predicated on any fact not appearing of record. I cite just one of many cases: *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 2d, 684).

2. Assuming that the proper procedure was followed, the showing made to set aside the judgment was insufficient in law. No reason is shown why counsel or client could not have notified the court of the illness of counsel's wife. The discretion in such cases is not an arbitrary but a legal one. The Supreme Court has very definitely held that such a showing as is here made is not sufficient. *Phillips* v. *Taber,* 83 *Ga.* 565 (10 S. E. 270); *Brown* v. *Verekas,* 164 *Ga.* 733 (139 S. E. 344); *Blanch* v. *King,* 202 *Ga.* 779 (44 S. E. 2d, 779).

DECIDED JULY 2, 1949. REHEARING DENIED JULY 27, 1949.

*Poole, Pearce & Hall, J. R. Goldthwaite Jr.,* for plaintiff.
*J. E. B. Stewart,* for defendant.