34163, 34164. HALL *v.* FIRST NATIONAL BANK OF ATLANTA, executor; and *vice versa.*

DECIDED OCTOBER 17, 1952—REHEARING DENIED NOVEMBER 8, 1952.

*Lucian J. Endicott,* for plaintiff in error.

*Robert B. Troutman, James M. Sibley, W. K. Meadow,* contra.

SUTTON, C.J. Courts of record retain full control over their

orders and judgments during the term at which they are rendered, and in the exercise of a sound discretion may revise or vacate them, as the ends of justice may require, and such discretion, unless manifestly abused, will not be controlled by courts of review. This inherent power of the court extends to all orders and judgments, except those founded on jury verdicts. It has been said that such orders and judgments remain in the breast of the court during the term when granted. The above-stated principle of law, as to the plenary control of a court of record over its own judgments during the term when made, has been ruled many times by the Supreme Court and this court. For some of the cases so holding, see: *Grogan* v. *Deraney*, 38 *Ga. App.* 287, 290 (4) (143 S. E. 912); *Methodist Episcopal Church South Inc.* v. *Decell*, 60 *Ga. App.* 843, 849 (5 S. E. 2d, 66); *Allison* v. *Garber*, 50 *Ga. App.* 333, 335 (1) (178 S. E. 158); *Whitlock* v. *Wilson*, 79 *Ga. App.* 747 (54 S. E. 2d, 474); *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *Gaines* v. *Gaines*, 169 *Ga.* 432, 434 (150 S. E. 645); *Cahoon* v. *Wills*, 179 *Ga.* 195, 196 (175 S. E. 563); *East Side Lumber & Coal Co.* v. *Barfield*, 193 *Ga.* 273, 276 (18 S. E. 2d, 492); *Cofer* v. *Maxwell*, 201 *Ga.* 846, 848 (41 S. E. 2d, 420); *Shivers* v. *Shivers*, 206 *Ga.* 552 (57 S. E. 2d, 660); *Tyler* v. *Eubanks*, 207 *Ga.* 46, 50 (60 S. E. 2d, 130).

The court of ordinary is a court of record, and its judgments are subject to this same principle ruled in the above cases and may be set aside during the term when entered, in the sound discretion of the ordinary. *Mobley* v. *Mobley*, 9 *Ga.* 247.

It appears from the record in this case that the plaintiff in error, Mrs. Nellie Goins Hall, and James Oscar Hall intermarried in April, 1916, and that they separated on January 2, 1940; and, on September 30, 1940, while living in a bona fide state of separation, they entered into a contract by the terms of which J. O. Hall, with cash and property, settled in full with Mrs. Hall for both temporary and permanent alimony. These parties continued to live in a state of separation until the death of J. O. Hall in 1950. In May, 1951, Mrs. Hall filed her application in the court of ordinary for a year's support, and alleged in this application that she was the widow of James Oscar Hall, and that under the laws of Georgia she was entitled

to a year's support out of his estate. Three of the five appraisers appointed on this application made their return setting apart to Mrs. Hall a year's support in the sum of $26,000. One of the appraisers was a non-resident of Fulton County, but he did not act. The return of the appraisers was ordered to record and made the judgment of the court of ordinary on June 4, 1951.

First National Bank of Atlanta, as executor of the will of J. O. Hall, filed a petition in the court of ordinary at the June, 1951, term to set aside and vacate its judgment of June 4, 1951, allowing a year's support to Mrs. Hall, and alleged substantially: that Mrs. Hall had filed her petition for a year's support, in which she alleged that the value of the estate of J. O. Hall was $32,795.04; that five appraisers were appointed on her application, three of whom made a return setting aside to Mrs. Hall a year's support in the sum of $26,000; that the court of ordinary, on June 4, 1951, had entered an order allowing the year's support which had been set apart by the appraisers; that, since the entry of said judgment, the executor had learned that one of the appraisers appointed (naming him) was a resident of De-Kalb County; that the year's support was improvidently granted; that the return setting aside $26,000, or more than five-sixths of the entire estate, was grossly excessive in the light of the circumstances and standing of the widow at the time of the death of J. O. Hall and should not be allowed to stand; and that the order allowing the year's support, dated June 4, 1951, is still in the breast of the court and the court has the power, in its discretion, to set the same aside.

This petition to set aside was amended at the said June term of the court of ordinary by alleging that, on September 30, 1940, J. O. Hall and Mrs. Hall entered into a certain contract, in which Mrs. Hall accepted certain payments made to her as a complete settlement of temporary and permanent alimony, and that, on November 20, 1940, the said Mrs. Hall acknowledged full compliance with said contract; that said court entered its order on June 4, 1951, upon the representation of Mrs. Hall that she was entitled to an award of a year's support, whereas she was barred from said award by virtue of said contract in settlement of alimony; and that said allegation that Mrs. Hall was entitled to a year's support was a false allegation and was made

to the court of ordinary for the purpose of inducing that court to grant her a year's support.

Mrs. Hall filed a motion to dismiss the petition or motion of the executor to set aside the judgment of June 4, 1951, on the grounds that the executor was not an interested party; that its duty as executor was to administer the estate; that it was properly notified of the application for a year's support but filed no objection to said application; and that the executor is now precluded from attacking the judgment rendered therein. She also filed a general demurrer to the motion to set aside on the ground that it set forth no cause of action. Both the motion to dismiss and the general demurrer were overruled.

The executor filed a caveat to the return of the appraisers on June 28, 1951, on the grounds: (1) that one of the appraisers appointed was not a resident of Fulton County; (2) that the award made in such return was excessive; and (3) that Mrs. Hall and J. O. Hall had entered into a written contract, dated September 30, 1940, whereby in consideration of the receipt by her of certain properties, said Mrs. Hall had settled all her rights to temporary and permanent alimony, as against J. O. Hall, and, as a result of said contract, said Mrs. Hall has no right to a year's support out of the property left by J. O. Hall. No objection was made to the caveat, and it was ordered filed on June 28, 1951.

The judge of the court of ordinary, on June 28, 1951, during the June term of his court, passed the following order, revoking and vacating his judgment of June 4, 1951: "Believing it to be in the interest of justice and also believing that good cause exists, it is hereby ordered that the order and judgment of this court dated June 4, 1951, ordering and recording the return of the appraisers setting apart the twelve months' support to Mrs. Nellie Goins Hall be and the same is hereby revoked and vacated."

Mrs. Hall appealed to the superior court and then to the Court of Appeals, and the case was returned by this court to the superior court for further consideration. *Hall* v. *First National Bank of Atlanta,* 85 *Ga. App.* 498 (69 S. E. 2d, 679). On April 24, 1952, the executor tendered another amendment to his motion to set aside, which last amendment was disallowed on

objection interposed thereto by Mrs. Hall on April 25, 1952. Mrs. Hall then renewed her motion to strike the executor's amended petition to vacate and set aside the judgment allowing the year's support, and also renewed her general demurrer to said petition. This motion and the demurrer were both over-ruled. The judge of the superior court then rendered the following judgment: "The petition of First National Bank as executor of the estate of James Oscar Hall deceased to revoke and set aside the order of the Ordinary of Fulton County, Georgia, recording the return of the appraisers [setting apart a year's support to] Mrs. Nellie Goins Hall, which order is dated June 4, 1951, coming on to be heard before this court on appeal, after hearing evidence and argument thereon, the court believes that it is in the interest of justice, and also that good cause exists, therefore, it is hereby ordered and adjudged that said order and judgment of June 4, 1951, setting [apart] said twelve months' support to Mrs. Nellie Goins Hall be and the same is vacated and set aside. This April 25, 1952."

Mrs. Hall excepted to such final judgment and to the judgments overruling her motion to dismiss and her general demurrer to the petition to set aside, as amended. The executor, in the cross-bill, excepted to the disallowance of its amendment tendered on April 24, 1952.

The evidence and the record in this case show that J. O. Hall and Mrs. Hall separated on January 2, 1940, and, on September 30, 1940, while living in a bona fide state of separation, they entered into a contract whereby said Hall settled in full with Mrs. Hall for both temporary and permanent alimony, and the settlement was so accepted by Mrs. Hall, and they continued to live separate and apart until the death of J. O. Hall in 1950. Code § 30-218 is as follows: "After permanent alimony shall be granted, upon the death of the husband the wife shall not be entitled to any further interest in his estate in her right as wife, but such permanent provision shall be continued to her, or a portion of the estate equivalent thereto shall be set apart to her." It was held in *Harris* v. *Davis*, 115 *Ga.* 950 (2) (42 S. E. 266), "Under the Civil Code, § 2472 [Code, § 30-218], the allowance of permanent alimony to a wife bars her of her rights of dower and year's support from her husband's estate." Also

see *Gore* v. *Plair*, 173 *Ga.* 88 (159 S. E. 698). It appears from the record that the estate of J. O. Hall was appraised or listed as being worth $32,795.04, and that $26,000 of this sum was set apart to Mrs. Hall as a year's support, although Hall had settled with her in full for temporary and permanent alimony, and from the date of such contract of settlement they had been living in a bona fide state of separation for ten years next before his death.

Applying the principles of law hereinabove stated to the evidence and record in this case, we do not think it was an abuse of discretion on the part of the judge of the superior court, on the appeal from the court of ordinary, to vacate and set aside the judgment allowing a year's support. The court of ordinary had plenary control over the judgment setting apart the year's support during the term at which it was entered and, in the exercise of a sound discretion, could vacate such judgment as the ends of justice might require, and the judge of the superior court, on the appeal, was invested with the same authority.

It follows that the trial judge did not err in overruling the plaintiff in error's motion to strike and the general demurrer to the executor's petition to set aside the judgment allowing the year's support, and in rendering the judgment vacating and setting aside such judgment. We think that the judgment complained of in the main bill should be affirmed, and that the cross-bill should be dismissed.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232; Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed in case number 34163; cross-bill, number 34164, dismissed. Gardner, P.J., Townsend, Worrill, and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. Assuming for the sake of argument that Mrs. Hall's representation that she was entitled to a year's support was such a fraud as would authorize the setting aside of the year's support judgment if all other requisite conditions existed, I think that the vital question in this case is controlled by the principle that a judgment will not be set aside *even at the term at which it was rendered* for a reason which could have

been urged before the judgment was rendered, and this covers the ground of fraud, as well as any other ground. *Hogg* v. *Hogg*, 206 *Ga.* 691 (58 S. E. 2d, 403). The Supreme Court has settled the question in several cases. The question whether negligence of the moving party precluded his right to have a judgment not based on a verdict set aside at the same term was clearly ruled on by the Supreme Court in *Dougherty-Little-Redwine Co.* v. *Hatcher*, 169 *Ga.* 858 (151 S. E. 796). The matter referred to was not fraud, but the principle is the same. The *Hatcher* case was cited with approval on the same question in *Cahoon* v. *Wills*, 179 *Ga.* 195 (175 S. E. 563), and *Hurt Building* v. *Atlanta Trust Co.*, 181 *Ga.* 274 (182 S. E. 187), and by this court in *Morris* v. *Morris*, 82 *Ga. App.* 384 (61 S. E. 2d, 156). These decisions mean, in my judgment, that the ground which will authorize the setting aside of a judgment, *even at the term at which rendered*, is such a one as could not have been urged before the rendition of the judgment sought to be set aside. So the rule as to the setting aside of judgments during the same term is the same as the rule applying in equity cases as to judgments sought to be set aside after the expiration of the terms when rendered. *Young* v. *Young*, 188 *Ga.* 29 (2 S. E. 2d, 622), and cases cited. The executor forcefully urges that the extrinsic fraud or extrinsic cause rule does not apply to the power of a court to vacate a judgment not based on a verdict *at the same term*, and that a court has the inherent power to vacate a term judgment not based on a verdict, even if fraud is absent, on broad principles, in its discretion, to promote justice. This power has been limited to a mere legal discretion so many times that citations to that effect are unnecessary. The Supreme Court cases cited control in my opinion this case, and I have no recourse other than to bow to them as binding precedents regardless of what my private opinion is as to the common-law rule as applied to the facts in this case. *Mobley* v. *Mobley*, 9 *Ga.* 247, is not contrary to the cases cited, because in the *Mobley* case the plaintiffs were minors without guardians. The executor contends that the ruling in the *Hatcher* case, supra, is not in point. I think that the record shows to the contrary. It is true that the bill of exceptions in that case states that the only issue involved was the validity of the judgment setting

aside a year's support for Mrs. Hatcher. However, the judge of the superior court affirmed the auditor's rulings in the case and this judgment was excepted to. One of the rulings of the auditor was that the demurrer of Mrs. Hatcher to the petition for injunction, etc., should be sustained. In the receiver's petition to the court of ordinary to set aside the judgment awarding a year's support, it alleged that it had certain valid defenses which it would have presented to the court had it had any notice of the proceedings, among which was the fact that the will of Clarence W. Hatcher made provision for his widow in lieu of a year's support. The issue raised by Mrs. Hatcher's demurrer to this petition was by agreement passed on by the auditor. The auditor ruled that Mrs. Hatcher's demurrer to the petition to set aside should be sustained. The judge of the superior court affirmed the auditor's ruling and that judgment was excepted to. It seems to me that the issue was clear-cut in the *Hatcher* case whether the receiver could have set aside a judgment awarding a year's support, after citation was duly published, at the same term at which the judgment was rendered, on a ground which could and should have been urged before judgment. Whether the court should have treated with this question in view of the statement in the bill of exceptions that there was only one issue involved is beside the point. The court dealt specifically with the question and directly ruled on it. If this ruling in the *Hatcher* case is obiter in that case, its citation on the same question in the other two cases makes the ruling in those two cases authoritative rulings in those cases. See *Cofer* v. *Maxwell*, 201 *Ga.* 846 (41 S. E. 2d, 420), to see to what extent the Supreme Court has gone in limiting a court's power during the term over its judgments. *Since the petition of the executor did not allege that it was ignorant of the contract which it alleged barred Mrs. Hall's year's support before the judgment setting apart the year's support,* the court erred in overruling the demurrer by Mrs. Hall to the petition to vacate the judgment awarding the year's support.