40526, 40527.   KIMSEY, Executor, et al. v. CAUDELL, Administrator; and vice versa.

DECIDED FEBRUARY 20, 1964—REHEARING DENIED MARCH 6, 1964.

272

*Scott & Bouwsma, R. C. Scott,* for plaintiffs in error.

*Kimzey & Kimzey, Herbert B. Kimzey,* contra.

JORDAN, Judge.  ■ (a)  The first assignment of error in the main bill of exceptions, in which it is contended that the judg-

ment was contrary to law in that the plaintiff's action was barred by the statute of limitation, presents no question for determination by this court.

The bar of the statute of limitation is a personal privilege, and is not available to the defendant unless specially asserted either by a special plea or (where the bar appears upon the face of the petition) by demurrer or motion to dismiss expressly attacking the petition on this ground. *Burch v. Wofford-Terrell Co.*, 52 Ga. App. 685 (184 SE 419); *Small v. Cohen*, 102 Ga. 248 (3) (29 SE 430); *Smith v. Central of Ga. R. Co.*, 146 Ga. 59 (90 SE 474); *Powell v. McKinney*, 151 Ga. 803 (3) (108 SE 231). Where no plea is filed (and the defect does not appear upon the face of the pleadings) no issue is presented in the trial court as to the action being barred by the statute of limitation, Georgia Procedure & Practice, § 29-23, p. 786, *Bankers Health & Life Ins. Co. v. Plumer*, 67 Ga. App. 720, 731 (9) (21 SE2d 515), *Hogan v. Brogdon*, 194 Ga. 474 (3) (22 SE2d 54); and in the absence of an assignment of error on a judgment of the trial court overruling a demurrer or motion to dismiss, where the same is applicable, or overruling a special plea of the statute of limitation, the issue may not be raised in this court on review.

(b) The remaining assignment of error in the main bill of exceptions assigned error on the judgment of the trial court on the ground that said judgment was contrary to the facts in that the funds paid by the administrator of the Mattie Scoggins estate to the executors of the Mallory O. Scoggins estate had become commingled with other funds in the hands of the executors and had been consumed by the executors upon their subsequent qualification as trustees of said estate. An examination of the facts stipulated in this case fails to reveal any evidence in support of this contention and this assignment of error is without merit.

■ It is contended in the cross bill of exceptions that the trial court was without authority to vacate on its own motion the judgment of July 26, 1963, and to enter the amended judgment of July 31, 1963, in which it sustained the plea to the jurisdiction filed by Dr. Paul T. Scoggins, as guardian of Ruby

■

Scoggins, and dismissed the petition as to him in his capacity as guardian.

This contention is without merit. "Courts of record retain full control over their orders and judgments during the term at which they are rendered, and in the exercise of a sound discretion may revise or vacate them, as the ends of justice may require. . ." *Hall v. First Nat. Bank of Atlanta,* 87 Ga. App. 142 (73 SE2d 252); *Hunter v. Gillespie,* 207 Ga. 574 (63 SE2d 404); *Cofer v. Maxwell,* 201 Ga. 846 (41 SE2d 420). This relief may be granted by the court, ex mero motu, with or without notice to either party. *Tyler v. Eubanks,* 207 Ga. 46 (60 SE2d 130); *Shivers v. Shivers,* 206 Ga. 552 (57 SE2d 660); *Dover v. Dover,* 205 Ga. 241 (53 SE2d 492); and said authority of the court exists even where the court sits as a jury in making findings of fact. *Whitlock v. Wilson,* 79 Ga. App. 747 (54 SE2d 474).

The general requirement of Art. VI, Sec. XIV, Par. VI of the Constitution of 1945 (*Code Ann.* § 2-4906) that a defendant in a civil case must be tried in the county of his residence is applicable to suits against guardians in their representative capacities; and a suit against a guardian must be brought in the county of his residence, *Bass v. Wolff & Hopp,* 88 Ga. 427 (14 SE 589), *Short v. Mathis,* 107 Ga. 807 (33 SE 694), unless such representative is subject to suit in another county within one of the exceptions to the general rule which are embodied in *Code Ann.* §§ 2-4901 through 2-4905 inclusive.

The record in this case discloses that Dr. Scoggins was a resident of Jackson County and not of Habersham County; and he was not, in his capacity as guardian, a copartner, joint obligor, joint promissor or joint trespasser with any of the other defendants in this action who resided in Habersham County within the purview of *Code Ann.* § 2-4904 which provides that suits against copartners, joint obligors, joint promissors or joint trespassers, residing in different counties, may be tried in either county. Likewise, this not being a suit in equity, the provisions of *Code Ann.* § 2-4903 which provide that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed were inapplicable here, as were the other

exceptions to the requirement that a defendant in a civil case must be tried in the county of his residence. Accordingly, Dr. Scoggins not being a resident of Habersham County, the judgment of July 26, 1963, was clearly erroneous as to him in view of his plea to the jurisdiction; and said judgment being within the breast of the court, it was not an abuse of discretion for the trial court to vacate the same and to enter a new and legal judgment sustaining the plea to the jurisdiction of this defendant in his capacity as guardian.

The defendant Scoggins did not, as contended, waive his rights under the plea to the jurisdiction since the case was submitted by consent of counsel to the court "to pass upon all issues of law and of fact," his plea to the jurisdiction being one of the issues raised by the pleadings.

*Judgments affirmed. Bell, P. J., and Eberhardt, J., concur.*