26448.   BOARD OF EDUCATION OF HALL COUNTY et al.
v. SHIRLEY et al.

ALMAND, Chief Justice. The sole question raised in this appeal is: Where a trial judge sustains a motion of the defendant to dismiss or abate the complaint in case No. K-14,559, on the grounds of the pendency in case No. K-15,093, involving the same subject matter and parties, can the trial judge on the day following the entry of the order of dismissal and during the term in which the order was entered, amend such order to provide that the order of dismissal shall not operate as an adjudication of the merits of the second case ". . . and said dismissal of the second case is without prejudice to the plaintiffs. If they so desire, the plaintiffs are allowed to file a subsequent action"?

At the time the appellees filed their complaint on November 11, 1970, there was pending in the same court between the same parties and on the same cause of action, a complaint filed on April 14, 1970. The appellants filed a motion to dismiss the second suit on the ground of the pending of the first suit at the time the second suit was begun. *Code* § 3-601.

The court, on December 28, 1970, sustained this motion and dismissed the second suit. On the following day and during the same term of court the court amended this order as set out above.

The appellants filed their notice of appeal only as to the amend-

ment of December 29, 1970, and error is enumerated only on this amendment.

The appellants insist that the order of dismissal of December 28 was unconditional and final and not subject to being amended.

We disagree. The superior court has the power on its own motion during the term in which an order or judgment is rendered, to revoke, alter, amend, or modify, such order or judgment. *Deen v. Baxley State Bank,* 192 Ga. 300 (15 SE2d 194); *Dover v. Dover,* 205 Ga. 241 (1) (53 SE2d 492).

The cases of this court such as *Adams v. Payne,* 219 Ga. 638 (135 SE2d 423) and *Pendergrass v. Duke,* 147 Ga. 10 (92 SE 649), relied on by the appellants, do not involve the same question as in the instant case.

The court, in the amendment to the dismissal order merely expressed in positive language, that the dismissal was without prejudice, what it had impliedly stated in the dismissal order.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1971—DECIDED MAY 6, 1971.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Perry S. Oliver, Palmour & Palmour, J. E. Palmour, Jr.,* for appellants.

*Reed & Dunn,* for appellees.