## 27799. BLOODWORTH v. THOMPSON.

HAWES, Justice. On December 5, 1972, appellant filed an equitable petition naming appellee and First Federal Savings & Loan Association of McRae as defendants therein. She sought, among other relief, a temporary restraining order and permanent injunction against the sale of two described tracts of real property. The complaint and the exhibits thereto show that the property in question had been advertised for sale on December 5, 1972, under the power contained in a deed to secure debt held by the defendant Thompson. On that date, the trial court issued an ex parte restraining order enjoining the defendant Thompson from proceeding with the sale and ordering him to show cause on the same day, at 2:30 p. m., why the restraining order should not be continued. At the appointed hour, the matter came on for a hearing and after hearing evidence, the trial court ordered the restraining order dissolved. The order of the trial court

dissolving the temporary restraining order of December 5, 1972, was not filed, however, with the clerk of court on the date it was rendered, but one month subsequent, on January 5, 1973, at which time appellant commenced the present appeal. In other pleadings, filed in early January, 1973, there was indicated by the defendant Thompson in an unverified answer to appellant's complaint that the property in contest had "now been foreclosed and sold under deed to secure debt held by this defendant."

There are two requirements which must be met before an adjudication becomes an effective judgment: (1) the judgment must be set forth in writing and signed by the judge; and (2) the judgment so set forth must be entered in the civil docket by the clerk of court. Rule 58, Civil Practice Act (Code Ann. § 81A-158). Before then, such judgment is inchoate and, as provided by Rule 58 (b), is of no effect "for any purpose." See 6A Moore's Federal Practice p. 58-231, § 58.05.

The judgment dissolving the restraining order of December 5, 1972, was not entered by the clerk of court until January 5, 1973, when filed, and it follows that no sale could have been conducted prior to its entry except in violation of the previous restraining order. In view of this, the court may not reach the merits of the present appeal. Appellant's complaint having sought to enjoin the foreclosure sale as advertised for December 5, 1972, and such sale having been enjoined by the trial court without a subsequent effective dissolution of the restraint, the appellant is now left without a basis for complaint on appeal. The appeal is moot.

*Appeal dismissed. All the Justices concur, except Jordan, J., who dissents.*

Submitted March 12, 1973 — Decided May 24, 1973.

*J. Laddie Boatright,* for appellant.
*Peyton Miles,* for appellee.