48169. THE CAMERA SHOP, INC. v. G A F CORPORATION.

QUILLIAN, Judge. Civil Action No. 22682 was filed by G A F Corporation in the Clarke Superior Court against The Camera Shop, Inc. The Camera Shop duly filed its answer to the complaint. G A F Corporation then served its first interrogatories on The Camera Shop which interrogatories were duly answered. The Camera Shop then filed its first interrogatories addressed to G A F Corporation. No answer was filed to these interrogatories and The Camera Shop filed a motion to compel answer to written interrogatories. Hearing on this motion was on October 13, 1972 at which the trial judge entered an order providing in part "there having been no response by the plaintiff and no appearance by or in behalf of the plaintiff at the time and place fixed for said hearing; . . . it is ordered, . . . that the plaintiff answer the defendant's interrogatories. . . within ten days hereof, or file objections

thereto within ten days hereof, in default whereof the plaintiff's complaint shall stand dismissed."

On October 24, 1972, G A F Corporation filed its answers to the interrogatories which were signed only by its attorney and were unsworn and unverified. On October 25, 1972, The Camera Shop filed its motion for imposition of sanctions requesting that the purported answers to the defendant's interrogatories be stricken in their entirety and that the plaintiff's pleading stand dismissed. The trial judge entered an order dismissing the plaintiff's complaint. On October 27, 1972, G A F Corporation filed its motion to set aside the order of dismissal. On October 30, 1972, the trial judge amended his order of October 25, 1972 to allow the plaintiff (G A F Corporation) to refile its action, and providing that Civil Action No. 22682 was dismissed without prejudice.

G A F Corporation then filed a new action, styled Civil Action No. 23702 which was served on The Camera Shop on November 9, 1972. The Camera Shop answered this complaint and moved to dismiss, pleading res judicata by virtue of the order entered by the trial Judge on October 25, 1972 in Civil Action No. 22682. This motion was overruled by the trial judge and, upon certificate for review, appeal was taken to this court. *Held:*

The Supreme Court has held that on its own motion the superior court has the power to revoke, alter, amend or modify an order or judgment during the term in which it is rendered. *Bd. of Ed. of Hall County v. Shirley,* 227 Ga. 565 (181 SE2d 826). See also *Dover v. Dover,* 205 Ga. 241 (53 SE2d 492); *Barrett v. Manus,* 219 Ga. 693 (135 SE2d 430); *Thompson v. Maslia,* 127 Ga. App. 758, 763 (195 SE2d 238).

In *Bd. of Ed. of Hall County v. Shirley,* 227 Ga. 565, supra, this rule was applied where the trial judge, on the day following the entry of the order of dismissal and during the term in which the order was entered, amended the order to provide that the order of dismissal "shall not operate as an adjudication of the merits of the second case, and said dismissal of the second case is without prejudice to the plaintiffs." In a very recent decision, the court has continued to apply that doctrine. See *Vick v. Vick,* 230 Ga. 36 (195 SE2d 399).

Section 60 of the Civil Practice Act provides: "(a) Collateral attack. A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in

one of the methods hereinafter prescribed." Code Ann. § 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240).

Here we have a judgment which is not void on its face. Thus until it is set aside as prescribed by law, Section 60 of the Civil Practice Act, supra, we have a valid and a subsisting judgment which allows the present plaintiff to refile its petition.

Although the appellant argues that the trial judge was required to give notice or an opportunity to be heard, the power to amend granted to the trial judge is plenary. The provision of the Civil Practice Act (Section 60 (h)) dealing with the law of the case rule provides that with just cause a judgment may be set aside or modified, the court of course considering whether rights are vested and whether or not innocent parties would be injured. Code Ann. § 81A-160 (h). See also Section 60 (g) of the Civil Practice Act (Code Ann. § 81A-160 (g)) and Code § 24-104 (6).

The recent case of *Stamm & Co. v. Boaz Spinning Co.,* 129 Ga. App. 779 is not controlling here. In that case the order of the trial judge vacating a previous judgment was attacked by motion to set aside. This was not done here. The opinion pointed out the necessity of a hearing before the trial judge could set aside the initial judgment, but again in that instance the judgment under attack did not merely amend a prior judgment but completely revoked it. Moreover, the court found that in the exercise of its discretion the court abused such discretion in setting aside the former judgment. Here the record does not show any abuse of discretion.

The major point here is that the trial judge could set aside the October 25 judgment and did so. The appellant here had an opportunity to directly attack his action in setting aside the judgment but failed to do so. Since the judgment on October 30 remains a valid and subsisting one, a plea of res judicata based on the October 25 judgment which was duly modified must of necessity fail.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED APRIL 30, 1973 — DECIDED OCTOBER 26, 1973.

*Alexander & Jarrard, Alan M. Alexander,* for appellant.

*Cotton, Katz & White, J. Christopher Simpson, Richard A. Katz,* for appellee.