## 49639. ROTHSTEIN v. BROOKS.

EBERHARDT, Presiding Judge.

Deborah Brooks brought suit in the State Court of DeKalb against Herman Rothstein seeking the recovery of damages to her car resulting from a collision between her car and that of Rothstein, which she charged was due to his negligence. Rothstein answered and there was some discovery, after which the case was set for trial on February 13, 1974. When the case was called for trial neither plaintiff nor her attorney appeared and after a second calling of it, the judge announced that the case was being dismissed for want of prosecution. He made an entry on the court docket "DWOP," but that was not signed and no written order of dismissal was ever entered.

On February 21, 1974, and during the same term of court, upon motion of the plaintiff, a written order was entered reinstating the case to trial on March 13, 1974.

Defendant moved to vacate the reinstatement and sought a further dismissal of the case, and on trial moved for a directed verdict for the defendant, all on the ground that the dismissal of February 13, 1974 had been an adjudication of the case on its merits in his favor under Code Ann. § 81A-141(b). All motions were denied, the case was tried before a jury, a verdict was returned for the plaintiff, and defendant appeals from the judgment entered on the verdict, enumerating error upon the refusal of the motion to vacate the reinstatement of the case, and refusal of the court to recognize the dismissal of February 13, 1974 as having been an adjudication on the merits and to sustain the further motions made. *Held:*

1. An order of dismissal must be in writing. *Addis v. First Kingston Corp.,* 225 Ga. 231 (167 SE2d 656); Code Ann. § 81A-158 (a).

2. An oral announcement in open court of a judgment which the court plans or expects to enter is not a judgment itself and has no effect as a judgment until and unless it is reduced to writing, signed by the judge and filed with the clerk. *Boynton v. Reeves,* 226 Ga. 202 (173 SE2d 702); *Tyree v. Jackson,* 226 Ga. 690 (2) (177 SE2d 160).

3. The entry of "DWOP" on the court's calendar or docket does not amount to the entry of a judgment. While the letters may very well stand for what the judge had orally announced — that the case would be dismissed for want of prosecution — even if we should hold that entries of the docket or calendar can, if properly signed and entered, amount to judgments (we make no such ruling here), this entry utterly fails to rise to that level. There was never an effective dismissal of the case. *Bloodworth v. Thompson,* 230 Ga. 628, 629 (198 SE2d 293).

We direct attention to the fact that there is substantial difference in our rule found in Code Ann. § 81A-158 and Federal Rules 58 and 79 (a) as to what constitutes the entry of a judgment.

4. Unless a judgment is based upon the verdict of a jury it remains in the breast of the court until the end of the term during which it was entered, and the judge has the power on his own motion to vacate it, with or without notice to the parties. *Kimsey v. Caudell,* 109 Ga. App. 271 (2) (135 SE2d 903); *Board of Ed. of Hall County v. Shirley,* 227 Ga. 565 (181 SE2d 826); *The Camera Shop v. GAF Corp.,* 130 Ga. App. 88, 89 (202 SE2d 241). This rule applies under the Civil Practice Act. *Holloman v. Holloman,* 228 Ga. 246, 248 (2) (184 SE2d 653). The purported dismissal, of course, was not a judgment founded on a jury verdict, and if it had been an effectual dismissal (we hold that it was not) it would not matter that the motion to reinstate was not itself reduced to writing. There had been no trial of the case and the rules relating to motions for *new* trial do not apply.

5. Although the appeal is from the judgment entered on the verdict, appellant fails to demonstrate any basis for its reversal.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED SEPTEMBER 5, 1974 — DECIDED SEPTEMBER 24, 1974 — REHEARING DENIED OCTOBER 17, 1974.

Herman Rothstein, *pro se.*
Deborah A. Brooks, *pro se.*