## 59973. FORD MOTOR CREDIT COMPANY v. MELLS et al.

SHULMAN, Judge.

Ford Motor Credit Company (hereinafter "Ford") appeals from the grant of partial summary judgment to defendants-appellees Johnny and Debora Mells on their counterclaim alleging violations by Ford of the Truth in Lending Act (TILA), 15 USCA § 1601 et seq. We reverse.

1. In its first enumeration of error Ford contends that "[t]he trial judge erred in granting partial summary judgment to defendants on their Truth in Lending counterclaim, as there were genuine issues of disputed fact and there was insufficient evidence presented to establish defendants' right to recover under said Act." We agree.

The TILA counterclaim asserted by defendants alleges that "the failure of the [disputed] contract to state the terms of its acceleration clause, or even acknowledge its existence on the face of the front page of the contract represents a violation of 15 U.S.C.A. § 1601 et seq. and Federal Reserve Regulation 'Z', 12 C.F.R. § 226.8, both in its location, and plaintiff's failure to incorporate its terms into the contract provisions governing 'Delinquency Charges.' " As an unequivocal statement of the Truth in Lending law concerning acceleration clauses, this allegation is incorrect.

"The language employed in Truth-in-Lending Act sections 1638 (a)(9) and 1639 (a)(7), and in 12 CFR 226.8 (b)(4), confirms the interpretation of 'charges' as specific penalty sums. The statutory provisions speak of 'charges *payable* in the event of late payments.' (Emphasis added.) Even if one considers the burdensomeness of acceleration as a form of 'charge' upon the debtor, it would hardly make sense to speak of that burden as 'payable' to the creditor. Similarly Regulation Z orders disclosure of the '*amount, or method of*

*computing the amount,* of any default, delinquency, or similar charges . . .' (Emphasis added.) That command has no sensible application to the remedy of acceleration. In short, we would have to stretch these provisions beyond their obvious limits to construe them as a mandate for the disclosure of acceleration clauses." Ford Motor Credit Co. v. Milhollin, —— U. S. —— (100 SC 790, 63 LE2d 22, 29) (1980).

In Ford Motor Credit Co. v. Milhollin, the United States Supreme Court expressly sanctioned the position of the Federal Reserve Board that "specific disclosure of acceleration rebate policy is only necessary when that policy varies from the [creditor's] custom with respect to voluntary prepayment rebates." Id., p. 29. See also Federal Reserve Board Official Staff Interp. No. FC-0054, 12 CFR Part 226 Appendix (1977). Applying this rule of law to the instant case, we find that the trial court erred in granting partial summary judgment to defendants. No evidence was presented by defendants demonstrating any variation between Ford's acceleration rebate policy and its voluntary prepayment rebate policy. Since defendants thus failed to show that the provisions of TILA set forth a duty of disclosure with respect to the acceleration clause here in question, summary judgment against Ford was improper. See *First Citizens Bank &c. Co. v. Owings,* 151 Ga. App. 389, 393 (259 SE2d 747).

2. Ford also contends that "[t]he trial court erred in ruling that the defendants were excused from making payments into court under Code Ann. § 67-705 because the plaintiff's liability (disputed) for violation of the Truth in Lending Act exceeded defendants' liability for payments due under the contract." In light of our holding in Division 1 of this opinion reversing the grant of partial summary judgment against Ford on defendants' TILA counterclaim, we must agree with this contention. We therefore reverse the ruling of the trial court excusing defendants from making further payments on the disputed contract into the court registry.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 16, 1980 — DECIDED JULY 7, 1980.

*Jimmy J. Boatright, T. J. Foss,* for appellant.
*Holle Weiss-Friedman,* for appellees.