## 62044. FORD MOTOR CREDIT COMPANY v. MELLS et al.

SHULMAN, Presiding Judge.

In response to appellant's petition for a writ of possession, appellees filed a counterclaim under the Truth in Lending Act, 15 USCA § 1601 et seq., and Regulation Z, 12 CFR § 226.1 et seq. Appellant maintains that the trial court erred when it granted appellees' motion for partial summary judgment on the counterclaim. For an earlier appearance of this case, see *Ford Motor Credit Co. v. Mells,* 155 Ga. App. 202 (270 SE2d 372).

1. In its first enumeration of error, appellant contends that summary judgment should not have been granted appellees because they did not comply with the requirements of Code Ann. §§ 81A-106 (d) and 81A-156 (c). Appellees' motion for partial summary judgment was served on appellant on September 5, 1980, but was not accompanied by a notice of hearing. On November 12, 1980, appellant was served with notice that the hearing would be held on November 18, 1980. Because a weekend intervened between the notice and the hearing, appellant was afforded only four working days notice. See Code Ann. § 81A-106 (a).

However, since appellant did not raise in the trial court the violation of the five-day notice of hearing rule, this issue will not be considered by this court. *Bull v. Bull,* 243 Ga. 72 (1) (252 SE2d 494). Additionally, it has been noted that the five-day service rule of Code Ann. § 81A-106 (d) "is not a hard and fast one." *Burger Chef Systems, v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479).

2. In two of its four enumerations of error, appellant urges that appellees' action was barred by the one-year statute of limitation contained in the Truth in Lending Act. 15 USCA § 1640 (e). Again, since there is no indication in the record before us that appellant raised this issue before the trial court, we will not consider it. *Kimsey v. Caudell,* 109 Ga. App. 271 (135 SE2d 903).

3. In its last enumeration of error, appellant maintains that the grant of partial summary judgment to appellees was inappropriate because there were unresolved genuine issues of material fact; that is, whether the contract was a consumer credit transaction, whether the violation found by the trial court was meritorious, and whether the bona fide error defense was applicable. Appellant's contention is without merit. The defense of bona fide error found in 15 USCA §

1640 (c) applies only to clerical errors, and those alleged by appellees were not clerical in nature. McGowan v. King, 569 F2d 845 (5th Cir. 1978). While appellees did not affirmatively prove that the underlying transaction was a consumer credit transaction, the printed form used by appellant labels the contract as a "consumer credit contract" and this label answers in favor of appellees any question as to whether the contract is a consumer credit transaction. Finally, the trial court did not err when it concluded that appellant had violated the Truth in Lending Act by failing to disclose the method appellant used to rebate unearned finance charges upon acceleration. Appellant admitted that it used differing methods to compute the rebate of unearned finance charges upon acceleration (pro rata method) and upon voluntary prepayment (sum of the digits method). In Ford Motor Credit Co. v. Milhollin, 444 U. S. 555 (100 SC 790, 63 LE2d 22), the United States Supreme Court concluded that ". . . acceleration rebate practices need be disclosed only when they diverge from other prepayment rebate practices . . ." Id., p. 569. Since appellant employed a rebate practice upon acceleration which differed from the rebate method it used upon prepayment, the failure to disclose the acceleration rebate practice was a violation of the Truth in Lending Act. Id.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED OCTOBER 5, 1981

*Jimmy J. Boatright,* for appellant.
*Holle Weiss-Friedman, John L. Cromartie, Jr., Charles M. Baird,* for appellees.