38138. FORD MOTOR CREDIT COMPANY v. MELLS et al.

MARSHALL, Justice.
This case is here on certiorari. It requires us to journey into the labyrinthian provisions of the Truth in Lending Act (TILA) and the implementing Federal Reserve Board Regulation Z. 15 USC § 1601 et seq.; 12 CFR § 226.1 et seq. The Court of Appeals has held that under

language employed in Ford Motor Credit Co. v. Milhollin, 444 U. S. 555 (100 SC 790, 63 LE2d 22) (1980), a creditor violates TILA and Regulation Z by failing to disclose on the face of a credit agreement differing methods used to rebate unearned finance charges on acceleration triggered by default and on voluntary prepayment. We hold that although a literal reading of the language in Milhollin does lead to this result, a considered analysis of the entire Milhollin decision leads to a different result. We therefore reverse.

The appellant, Ford Motor Credit Company, filed this suit against appellees Mells for writ of possession of an automobile. The appellant alleges in the complaint that it sold this automobile to the appellees under a retail installment contract, of which the appellees are in default. The appellant seeks to exercise its option under the contract to accelerate the unpaid principal balance.

The appellees filed a counterclaim alleging, inter alia, that the appellant violated TILA and Regulation Z by failing to state in the contract the terms of the acceleration clause. The parties' contract does state that in the event of voluntary prepayment there shall be a rebate of the unearned portion of the finance charge computed under the "sum of the digits" method after first deducting an acquisition fee of $25. However, the parties' contract does not state that rebates on acceleration triggered by default are computed under the pro rata method. Incongruously, this results in a larger rebate of unearned finance charges on acceleration than on voluntary prepayment. The appellees state that this situation is created by the dictates of Georgia's Motor Vehicle Sales Finance Act. Code Ch. 96-10.

On appeal in this case, the Court of Appeals agreed with the argument advanced by the appellees in their counterclaim, holding that, under TILA, acceleration rebate practices must be disclosed whenever the method of rebating unearned finance charges on acceleration differs from the rebate method on voluntary prepayment of the contract. The Court of Appeals based this conclusion on the statement in Milhollin that ". . . acceleration rebate practices need be disclosed only when they diverge from other prepayment rebate practices . . ." Ford Motor Co. v. Milhollin, supra, 444 U. S. at p. 569.

In Milhollin, the question for decision was whether under TILA, as well as Regulation Z, the existence of an acceleration clause must be disclosed on the face of a credit agreement. The United States Supreme Court granted certiorari in the case, because of conflicting resolutions of this question by various federal circuit courts of appeal. See Griffith v. Superior Ford, 577 F2d 455 (8th Cir. 1978); United States ex rel. Hornell v. One 1976 Chevrolet, 585 F2d 978 (10th Cir. 1978) (holding that the existence of an acceleration clause need never

be disclosed); Johnson v. McCrackin-Sturman Ford, Inc., 527 F2d 257 (3rd Cir. 1975); Price v. Franklin Investment Co., 574 F2d 594 (D. C. Cir. 1978) (holding that the right of acceleration need not be disclosed when state law or the contract compels the creditor to rebate under acceleration as under voluntary prepayment); McDaniel v. Fulton Nat. Bank, 571 F2d 948 (5th Cir. 1978), clarified 576 F2d 1156 (1978) (holding that the existence of the acceleration clause is required to be disclosed except when the creditor is under a legal obligation to treat acceleration and voluntary prepayment alike for rebate purposes).

In Milhollin, the United States District Court for the District of Oregon had held that the existence of an acceleration clause must always be disclosed under the provisions of TILA compelling publication of "default, delinquency, or similar charges payable in the event of late payments." 15 USC §§ 1638 (a)(9), 1639 (a)(7); 12 CFR § 226.8 (b)(4). On appeal, the Court of Appeals for the 9th Circuit agreed that the existence of an acceleration clause must be disclosed, basing its decision on the narrower principle that under Regulation Z a creditor must disclose the method of rebating unearned finance charges upon voluntary prepayment and, therefore, upon acceleration. 12 CFR § 226.8 (b)(7). See St. Germain v. Bank of Hawaii, 573 F2d 572 (9th Cir. 1977).

On certiorari, the United States Supreme Court held that the courts should pay deference to the interpretation of the applicable provisions of TILA and Regulation Z by the Federal Reserve Board and its staff. The view of the Federal Reserve Board's staff, as expressed in Official Staff Interpretation No. FC-0054, is that although the existence of the acceleration clause need not be disclosed as such, there must be a disclosure of acceleration rebate practices when rebates of unearned interest on acceleration are less than voluntary prepayment rebates. Ford Motor Co. v. Milhollin, supra, 555 U. S. at pp. 563-564, n. 8. The Federal Reserve Board staff reached this conclusion under the theory that if the creditor does not rebate unearned finance charges on acceleration in accordance with the voluntary-prepayment rebate provisions disclosed under § 226.8 (b)(7), amounts retained beyond those which would have been retained under the disclosed rebate provisions represent a "charge" which should be disclosed under § 226.8 (b)(4). This became the holding of the Supreme Court in Milhollin.

However, there exists no "charge" for late payment where, as here, the creditor actually retains less unearned finance charges on acceleration than on voluntary prepayment. It necessarily follows that, under Milhollin, a disclosure under TILA and Regulation Z is not required.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 10, 1982 —
REHEARING DENIED MARCH 2, 1982.

*Jones, Solomon & Boatright, Jimmy J. Boatright,* for appellant.

*Holle Weiss-Friedman,* for appellees.

*Ralph Goldberg,* amicus curiae.

ADDENDUM
ON MOTION FOR REHEARING.

The appellees in this case have filed a motion for rehearing, arguing that although it may be true that § 226.8 (b)(4) of Regulation Z requires the disclosure of acceleration rebate practices only when acceleration rebates are less than voluntary prepayment rebates, § 226.8 (b)(7) of Regulation Z requires a disclosure of acceleration rebate practices whenever acceleration rebates differ from voluntary prepayment rebates.

In our opinion, the Federal Reserve Board has sent out conflicting signals as to whether § 226.8 (b)(7) requires a disclosure of acceleration rebate practices as well as voluntary prepayment rebate methods. "[W]here acceleration rebates are less than voluntary prepayment rebates, acceleration policy must be separately explained under § 226.8 (b)(4) and, *perhaps as well,* under § 226.8 (b)(7)." Ford Motor Credit Co. v. Milhollin, supra, 444 U. S. at pp. 563, 564, n. 8. (Emphasis supplied.)

In determining whether there must be a separate disclosure of the fact that acceleration rebates are actually greater than voluntary prepayment rebates, it is instructive to look to the "broad purpose" of the TILA, which is "promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." Ford Motor Credit Co. v. Milhollin, supra, 444 U. S. at p. 559. A disclosure of the method of rebating unearned interest on voluntary prepayment promotes the informed use of credit, because a person might reasonably use such information in determining whether it is economically advantageous to prepay a loan. A disclosure of the fact that acceleration rebates are less than voluntary prepayment rebates also promotes the informed use of credit, because it informs of a penalty for default. However, it cannot be said that a disclosure of the fact that acceleration rebates are actually greater than voluntary prepayment rebates promotes the informed use of credit, because it is entirely unrealistic to presume that a person would use such

information as a basis for determining whether to allow a loan agreement to go into default.

Therefore, we hold that by making a disclosure of the existence of the acceleration clause, the appellant has complied with the TILA and Regulation Z as interpreted in the Milhollin decision. We decline to find a violation of Regulation Z arising from the fact that there was no separate disclosure that acceleration rebates are actually greater than voluntary prepayment rebates in Georgia.