62044. FORD MOTOR CREDIT CORPORATION v. MELLS
et al.

SHULMAN, Presiding Judge.

In light of the Supreme Court's reversal of this court's decision in *Ford Motor Credit Co. v. Mells,* 159 Ga. App. 796 (285 SE2d 197) (see *Ford Motor Credit Co. v. Mells,* 249 Ga. 106 (287 SE2d 35)), it is necessary to reconsider this case.

1. The judgment of the Supreme Court reversing our affirmance of the trial court's holding concerning the Milhollin issue (Ford Motor Credit Co. v. Milhollin, 444 U. S. 555 (100 SC 790, 63 LE2d 22)), is made the order of this court.

2. The trial court also found that appellant had violated the Truth in Lending Act, 15 USCA § 1601 et seq., and Regulation Z, 12 CFR § 226.1 et seq., by failing to adequately identify itself as a creditor. Close to the bottom of the retail installment contract is the following language: "The foregoing contract hereby is accepted by the Seller and assigned to Ford Motor Credit Company in accordance with the terms of the Assignment set forth on the reverse side hereof." A contract with identical language was reviewed by the U. S. Supreme Court in Ford Motor Credit Co. v. Cenance, —— U. S. —— (101 SC 2239, 68 LE2d 744), in which the court found "the notification of assignment to be a sufficient disclosure of creditor status." 68 LE2d at 749. In light of the Supreme Court's ruling in *Ford Motor Credit Co. v. Mells,* and the U. S. Supreme Court's ruling in Ford Motor Credit Co. v. Cenance, we conclude that the grant of partial summary judgment to appellees was error.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 23, 1982.

*Jimmy J. Boatright,* for appellant.
*Holle Weiss-Friedman, John L. Cromartie, Jr., Charles M. Baird,* for appellees.