## A89A0258. POLLARD et al. v. MARTIN et al.
(382 SE2d 720)

SOGNIER, Judge.

J. L. Todd Auction Company brought this interpleader action to determine which of the defendants, James and Carol Pollard or Larry Martin, was entitled to funds held by Todd in an escrow account. The defendants filed cross-motions for summary judgment, and the Pollards appeal from the trial court's order denying their motion and granting Martin's motion for summary judgment.

The material facts are not disputed. Todd contracted with appellants to auction the real property and inventory of appellants' sporting goods business. Appellee was the high bidder, and he and appellants entered into a contract dated October 16, 1987 for a purchase price of $98,500. Appellee deposited $24,625 with Todd as earnest money. The sales contract provided for a closing within 31 days, but also gave appellants ninety days after written notice from appellee to cure any title defects. On November 16th appellants met with their banker and appellee's attorney in an attempt to clear the $97,000 lien held by the bank. Appellee's counsel informed appellants that other title problems remained, but appellants insisted that the sale be closed the next day. Appellee's attorney responded with a letter to appellants delivered on November 17th in which he detailed eight remaining title problems, including outstanding security deeds and se-

curity interests, unpaid taxes, and a judgment lien. Appellee received no response from appellants, and on January 21, 1988 requested return of the earnest money. Appellants objected, contending they were entitled to the funds as liquidated damages for appellee's failure to close the sale by the date specified in the contract. Todd then filed this action and deposited the money into the registry of the court.

1. Appellants enumerate as error the trial court's conclusion that appellee was entitled to summary judgment because of appellants' inability to tender marketable title as required by the contract, contending that questions of fact remain regarding whether appellee's title objections are valid and whether appellants can cure the title problems. However, the record reveals appellants did not raise this issue below, but instead based their argument entirely on the theory that appellee had failed to give timely notice of any alleged title defects. As " '[g]rounds which may be considered on appeal are limited to those which were urged before the trial court' [cit.]," *Long v. Marion*, 182 Ga. App. 361, 362-363 (1) (355 SE2d 711) (1987), we will not review this issue. See id. Accordingly, the trial court did not err by granting summary judgment to appellee, see generally *Hinkley v. Bldg. Material Merchants &c.*, 187 Ga. App. 345, 346-347 (370 SE2d 201) (1988), or by ruling that appellee was entitled to the escrowed funds. See *Higgins v. Kenney*, 159 Ga. 736-737, 748 (126 SE 827) (1925).

2. We find meritless appellants' contention that the trial court erred by denying their motion for summary judgment made on the ground that they were entitled to retain the earnest money as liquidated damages because appellee failed to give written notice of the title objections until the day after the closing date specified in the contract. Time was not of the essence of the contract, as the contract did not so provide, and merely specifying a closing date does not make time of the essence in a contract for the sale of land. *Mangum v. Jones*, 205 Ga. 661, 667 (1) (c) (54 SE2d 603) (1949). Thus, there was no requirement that appellee tender his notice of title objections prior to the time set for the closing. See *Belk v. Nance*, 232 Ga. 264, 267-268 (3, 4) (206 SE2d 449) (1974). Unlike the buyer in *Real Estate World v. Southeastern Land Fund*, 137 Ga. App. 771, 774 (1) (224 SE2d 747) (1976), relied upon by appellants, in the instant case appellee raised specific objections concerning the merchantability of the property and requested that appellants resolve each one before closing. Given that the record does not establish that appellants were entitled to judgment as a matter of law on their breach of contract theory, the trial court properly denied their motion for summary judgment. See generally *Bragg v. Missroon*, 186 Ga. App. 803, 806 (368 SE2d 564) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

Decided May 25, 1989.

*Archer & Howell, Shepherd L. Howell*, for appellants.
*William D. Payne, James S. Garner III, Larry J. Barkley*, for appellees.