A94A1396. KANNADY et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
(448 SE2d 374)

BEASLEY, Presiding Judge.

Janet Kannady and her husband sued as a result of injuries sustained by her in a vehicular collision in Fulton County. They served two insurance companies, State Farm and Fireman's Fund, as uninsured motorist carriers. The Kannadys enumerate as error the trial court's dismissal of their complaint because of their failure to perfect service on the owner or operator of the other vehicle in a timely manner under the applicable two-year statute of limitation. OCGA § 9-3-33.

The complaint, filed on January 10, 1992, alleges that on April 27, 1990, Janet Kannady was operating a motor vehicle when the driver of a truck owned by Atlanta Building Systems, Inc. changed lanes without signaling, thereby striking Kannady's vehicle; that this caused her to leave the roadway, overturn, and suffer multiple injuries; and that the truck driver then pulled to the side of the road but left without rendering aid or assistance.

In her deposition, Kannady testified that she is unable to identify the truck's driver. However, in December 1990, she and her attorney attended a court hearing concerning this collision. She testified that at the hearing a man named "Pennell" or "Pannell" was found guilty of failing to render assistance.

When Kannady later obtained representation by her present counsel, she informed him of this. She is a Tennessee resident and could not recall the name of the court or of her prior attorney. From a record check in the Fulton State and Superior Courts, counsel ascertained that one Scott Thomas Pannell had been sentenced under the First Offender Act for failure to stop and return to the scene of the accident several months after the hearing. Counsel obtained the name of the attorney who represented Pannell, and this attorney provided counsel with an address for Pannell which was no longer current.

The Kannadys originally named Atlanta Building Systems as the owner of the truck and "John Doe" as the operator. Within several days after filing the complaint, they attempted to serve Atlanta Building Systems at its last known address, in Cherokee County. The sheriff's office was unable to perfect service on this defendant because the business was closed. On June 16, 1992, almost two months after the statute of limitation had run, appellants obtained permission to serve Atlanta Building Systems by publication. Service was completed on July 15.

The Kannadys amended their complaint on February 25, 1993, to voluntarily dismiss "John Doe" without prejudice and to substitute "Scott Pannell," on the ground that they had identified him as the hit and run driver, although his residence or location was unknown despite diligent efforts to locate him. They stated in the amendment that Atlanta Building Systems filed for bankruptcy in August 1990 and that the company which insured its vehicles had been declared insolvent.

On May 25, State Farm moved for summary judgment and requested a dismissal of the complaint with prejudice, on the ground that plaintiffs were guilty of laches in failing to serve Pannell or Atlanta Building Systems, so that any future service would not relate back to toll the statute of limitation.

A month later, the Kannadys filed a second amendment to their complaint to reinsert "John Doe" as a defendant, based on the allegation that Scott Pannell denied striking plaintiff's vehicle. They filed another lawsuit against "John Doe" as a result of this collision. State Farm moved to dismiss the first action and objected to plaintiffs' attempt to add "John Doe" without requesting leave of court more than a year after the statute of limitation had run. Fireman's Fund moved to dismiss the complaint for failure to diligently pursue proper service on Atlanta Building Systems before the statute of limitation ran, and

for adding "John Doe" back without leave of court. The Kannadys thereafter moved to add or join "John Doe" as a party.

At the subsequent motions hearing the court orally announced that it was granting the insurance companies' motions. Before entry of a court order, the Kannadys filed a notice of voluntary dismissal without prejudice and an acknowledgment of service by the bankruptcy trustee of Atlanta Building Systems pursuant to an order of the bankruptcy court lifting a stay in this proceeding. The court thereafter entered its order dismissing the complaint.

1. Citing certain pages of the hearing transcript, appellants first contend that the court erred in ruling at the motions hearing that their complaint is subject to dismissal because the "John Doe" defendant was not served in order to hold the insurance companies. We find no such ruling.

2. Appellants next contend that service by publication on Atlanta Building Systems precluded dismissal of this action.

If service cannot be had on the president or other officer or agent in an action against a corporation, OCGA § 9-11-4 (d) (1) provides that the Secretary of State shall be an agent of such corporation upon whom any process may be served. See also OCGA § 14-2-504 (b). Service by publication under OCGA § 9-11-4 (e) is not proper, but even if it was, the trial court was authorized to find that appellants did not act in a reasonable and diligent manner in obtaining such service almost two months after the running of the statute of limitation. *Starr v. Wimbush*, 201 Ga. App. 280 (410 SE2d 776) (1991).

3. Appellants contend that the fact that the truck driver pled not guilty to the criminal charge arising from the accident, together with the inability of plaintiff to identify him, presents a question of fact as to whether the driver was unknown.

Pannell's plea of not guilty is not a denial that he was the driver. Appellants cite no evidence of record that Pannell denied being the driver. Compare *Smith v. Doe*, 189 Ga. App. 264 (375 SE2d 477) (1988). Although a police report states that the driver was a black male and appellants state that the driver was white, appellants' statement is not supported by reference to the record. The evidence in those portions of the record to which we have been cited establishes that appellants' counsel knew before filing this complaint that Scott Pannell was the driver but could not locate him.

4. Thus, there is no merit in appellants' contention that the court abused its discretion in denying their motion to return "John Doe" to the suit.

An action may be instituted against a "John Doe" defendant only when the owner or operator of the vehicle is unknown. OCGA § 33-7-11 (d). Where known, he or she must be named as a defendant, although service by publication is authorized if after due diligence such

defendant cannot be found within the state. OCGA § 33-7-11 (e); see *Douglas v. Woon*, 205 Ga. App. 355 (422 SE2d 61) (1992).

5. In reliance upon *State Farm Mut. Auto. Ins. Co. v. Harris*, 207 Ga. App. 8 (427 SE2d 1) (1992), appellants contend that the filing of bankruptcy by Atlanta Building Systems tolled the statute of limitation. Appellees, on the other hand, counter that this ground was not raised below and thus is not preserved for appeal. *Pollard v. Martin*, 191 Ga. App. 681 (382 SE2d 720) (1989), is cited. They are correct.

Although appellants did state in the first amendment to their complaint that Atlanta Building Systems had filed a bankruptcy petition, it does not appear from either the appellants' responses to appellees' motions or the transcript of the motions hearing that appellants argued below that the statute of limitation against Atlanta Building Systems was tolled by reason of a stay in bankruptcy.

"As ' "(g)rounds which may be considered on appeal are limited to those which were urged before the trial court," (cit.),' [cit.], we will not review this issue. [Cit.]" *Pollard*, supra, 191 Ga. App. at 682 (1) (where claimants in an interpleader action had filed cross-motions for summary judgment, with the trial court denying appellants' motion and granting appellee's, appellants could not contend on appeal that summary judgment was improper because questions of fact remained concerning an issue not raised below); see also *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 766 (4) (431 SE2d 746) (1993) (after summary judgment is granted to a movant/plaintiff, a nonmovant/defendant may not raise an argument or defense not asserted in the trial court); but compare *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993) (on appeal of a grant of summary judgment, a de novo review of the evidence is required).

6. Appellants contend that appellees' defenses were waived because the affirmative defense of insufficiency of process or service of process is waived under OCGA § 9-11-12 (h) unless asserted in an answer or other responsive pleading.

It is immaterial that appellees did not raise the OCGA § 9-11-12 (b) (5) defense of insufficiency of process or service of process in their answers, since the motions for summary judgment and to dismiss were brought on the ground that the action is barred by the statute of limitation, and their right to dismissal on this ground was not waived. *Bennett v. Nelson*, 202 Ga. App. 346 (1) (414 SE2d 291) (1991). Moreover, their defense concerns the timeliness as well as the sufficiency of service upon the owner of the vehicle, not themselves.

7. Appellants next contend that the court erred in granting State Farm's motion for summary judgment because dismissal was sought on a matter in abatement. The affirmative defense of the statute of limitation asserts a bar to recovery and not merely the abatement of an action and is thus a proper issue for disposition by motion for

summary judgment. *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835 (1) (424 SE2d 19) (1992).

8. Finally, appellants unsuccessfully maintain that they were entitled to voluntarily dismiss their action without prejudice because an oral announcement of a judgment in open court has no effect as a judgment until it is reduced to writing, signed by the judge, and filed with the clerk. *Rothstein v. Brooks*, 133 Ga. App. 52 (2) (209 SE2d 674) (1974). Once a judgment in a civil case has been announced, although not formally entered, attempted filing of a voluntary dismissal is not permissible. *Mixon v. Trinity Svcs.*, 176 Ga. App. 679 (337 SE2d 362) (1985).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 23, 1994.

*McKenney & Froelich, William J. McKenney*, for appellants.

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. McCune, McCrimmon & McCrimmon, Edward W. McCrimmon, Lisa L. McCrimmon*, for appellees.